Barry I. Slotnick (BS-9796)
Jacques M. Rimokh (JR-0745)
Christina S. Monteiro (CM-8395)
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154
(212) 407-4000

*Attorneys for Defendant*
*Universal Music Group Distribution Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOSE ORTIZ p/k/a JAO,                                        :

                       Plaintiff,        :  Case No. 07 CV 3897 (RWS)

             - against -                      :

GUITIAN BROTHERS MUSIC INC., OSCAR            :  **ANSWER AND AFFIRMATIVE**
GUITIAN, and UNIVERSAL MUSIC GROUP                **DEFENSES TO COMPLAINT**
DISTRIBUTION, INC.,
                                                             :
                      Defendants.       :
------------------------------------------------------------ x

      Defendant Universal Music Group Distribution Corp., named incorrectly herein as Universal Music Group Distribution, Inc., by its attorneys, Loeb & Loeb LLP, hereby responds to the Complaint of plaintiff José Ortiz p/k/a Jao ("Plaintiff"), as follows:

      1.    Denies the allegations of paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this action for the claims described in said paragraph.

      2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

      3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. Denies the allegations of paragraph 11 of the Complaint, except states that this defendant is improperly named herein as Universal Music Group Distribution, Inc. The correct name for this defendant is Universal Music Group Distribution Corp. (hereinafter "UMGDC") and admits that UMGDC is a for-profit corporation organized and existing under the laws of the State of Delaware and is registered to do business in the State of New York.

12. Denies the allegations of paragraph 12 of the Complaint, except states that the corporate entity formerly named Universal Music and Video Distribution, Inc. is now known as UMGDC.

13. Denies the allegations of paragraph 13 of the Complaint, except admits that UMGDC transacts business in the State of New York.

14. Denies the allegations of paragraph 14 of the Complaint, except admits that UMGDC regularly transacts business in the State of New York.

15. Denies the allegations of paragraph 15 of the Complaint.

16. Denies the allegations of paragraph 16 of the Complaint.

17. Denies the allegations of paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21. Denies the allegations of paragraph 21 of the Complaint, except admits that, among other things, UMGDC distributes music CDs and DVDs.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint..

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

35. Denies the allegations of paragraph 35 of the Complaint.

36. Denies the allegations of paragraph 36 of the Complaint, excepts admits that in or around November 2003, UMGDC initially began distributing a DVD entitled "Don Dinero – Su Vida y la Calle" (the "DVD") and respectfully refers the Court to the DVD for a complete and accurate description of its contents.  UMGDC objects to Plaintiff's use of the defined term

"Infringing DVD" as asserting an improper legal conclusion. UMGDC's responses herein to any allegation containing this term are not intended to, and shall not, be construed as any admission that anything on the referenced DVD is infringing.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and respectfully refers the Court to the DVD for a complete and accurate description of its contents.

38. Denies the allegations of paragraph 38 of the Complaint.

39. Denies the allegations of paragraph 39 of the Complaint, except admits that, in or around November 2004, UMGDC initially began distributing an audio CD entitled "The Best of Don Dinero" (the "CD") and that the DVD accompanied the CD as a bonus.

40. Denies the allegations of paragraph 40 of the Complaint.

41. Denies the allegations of paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint, and denies that UMGDC has any obligation to compensate Plaintiff for anything.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint, and denies that UMGDC has any obligation to compensate plaintiff for anything.

45. Denies the allegations of paragraph 45 of the Complaint.

46. Denies the allegations of paragraph 46 of the Complaint.

47. Denies the allegations of paragraph 47 of the Complaint.

### As and For a Response to "Count I"

48. In response to paragraph 48 of the Complaint, UMGDC repeats as if fully set forth herein its responses to the allegations contained in paragraphs 1 through 47 of the Complaint.

49. Denies the allegations of paragraph 49 of the Complaint.

50. Denies the allegations of paragraph 50 of the Complaint.

51. Denies the allegations of paragraph 51 of the Complaint.

52. Denies the allegations of paragraph 52 of the Complaint.

53. Denies the allegations of paragraph 53 of the Complaint.

### As and For a Response to "Count II"

54. In response to paragraph 54 of the Complaint, Defendant repeats as if fully set forth herein its responses to the allegations contained in paragraphs 1 through 53 of the Complaint.

55. Denies the allegations of paragraph 55 of the Complaint.

56. Denies the allegations of paragraph 56 of the Complaint.

57. Denies the allegations of paragraph 57 of the Complaint.

### As and For a Response to "Count III"
### (against Defendants Guitian and Guitian Music)

58. In response to the allegations of paragraphs 58 through 64 of the Complaint, UMGDC states that said Count and allegations are not against or directed to UMGDC and, therefore, said allegations do not require a responsive pleading from UMGDC.

## AFFIRMATIVE DEFENSES

1.  By alleging the matters set forth below, UMGDC does not thereby allege, admit or imply that it has the burden of proof with respect to any of the said matters.

### First Affirmative Defense

2.  The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

3.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

4.  Plaintiff's claims are barred, in whole or in part, by laches.

### Fourth Affirmative Defense

5.  Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### Fifth Affirmative Defense

6.  Plaintiff's claims are barred, in whole or in part, by implied license.

### Sixth Affirmative Defense

7.  Plaintiff's claims are barred, in whole or in part, by express license.

### Seventh Affirmative Defense

8.  To the extent that Plaintiff's claim alleged in "Count II" is based upon state law, it is barred, in whole or in part, as preempted by the Copyright Act.

### Eighth Affirmative Defense

9. Plaintiff's claims are barred, in whole or in part, due to lack of subject matter jurisdiction.

WHEREFORE, UMGDC respectfully requests judgment against Plaintiff as follows:

i) Dismissing the Complaint in its entirety with prejudice;

ii) Awarding UMGDC its costs, including reasonable attorneys' fees, incurred in defending this action; and ordering Plaintiff to pay the same to UMGDC; and

iii) That such other and further relief be awarded to UMGDC that this Court deems just, proper and equitable.

Dated: July 25, 2007

LOEB & LOEB LLP

By: _____
Barry I. Slotnick (BS-9796)
Jacques M. Rimokh (JR-0745)
Christina S. Monteiro (CM-8395)
345 Park Avenue
New York, New York 10154
(212) 407-4000

*Attorneys for Defendant*
*Universal Music Group Distribution Corp.*