UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JOSE ORTIZ p/k/a JAO                                07 Civ. 3987 (RWS)

                                      Plaintiff,    **AFFIDAVIT IN SUPPORT OF**
                                                    **MOTION FOR DEFAULT**
                                                    **JUDGMENT**
                     -against-

GUITIAN BROTHERS MUSIC, INC., OSCAR
GUITIAN, and UNIVERSAL MUSIC GROUP
DISTRIBUTION, INC.

                                      Defendant(s).
-----------------------------------------------------------X

STATE OF NEW YORK    )
                     )        ss.:
COUNTY OF NEW YORK   )

        Daniel Zohny, being duly sworn, deposes and says:

        1.      I am a member of the Bar of this Court and am associated with the firm of

Robinson Brog Leinwand Greene Genovese & Gluck, P.C., attorneys for plaintiff in the

above-entitled action and I am familiar with all the facts and circumstances in this action.

        2.      I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Rules for the

Southern District of New York, in support of plaintiff Jao Ortiz p/k/a Jao's ("Plaintiff")

application for the entry of a default judgment against defendants Guitian Brothers

Music, Inc. and Oscar Guitian (collectively "Defendants").

        3.      This is an action to recover damages owed by Defendants to Plaintiff for

breach of contract and copyright infringement.

        4.      Jurisdiction of the subject matter is based on 28 U.S.C. §§ 1331, 1338(a),

as it is an action arising under Acts of Congress relating to copyrights, namely, the Federal

Copyright Act of 1976, 17 U.S.C. §101 et seq.

5.      This action was commenced on May 18, 2007 by the filing of the summons and complaint.

6.      A copy of the summons and complaint was served on defendant Oscar Guitian on May 29, 2007 by personal service on Alex Lopez, and by mailing a copy of the summons and complaint to Oscar Guitians residence.

7.      A copy of the summons and complaint were served on the defendant Guitian Brothers Music, Inc. on May 30, 2007 through the Secretary of the State of New York.

8.      Proof of service regarding both of the defendants was filed with the Court on June 14, 2007.

9.      Defendants have not answered the complaint and the time for Defendants to answer the complaint has expired.

10.     Defendants sent to Plaintiff via regular mail a Motion to Dismiss the complaint.  However, the Motion was never served on Plaintiff and furthermore, was filed improperly with the court.

11.     The filing of the Motion was rejected by the court on August 11, 2007. See Exhibit "A," attached hereto.  The court further directed the Defendants to re-file the motion via the Electronic Court Filing system ("ECF").

12.     As of the day of this affidavit, Defendants did not re-file and/or reserve their motion to dismiss.

13.     Since August 2007, I have attempted to contact Defendants' counsel Sandra S. Hoyos numerous times via email, telephone, fax and regular mail.

14.    Our firmed served discovery requests on Defendants on November 14, 2007. The requests were never responded to. See Exhibit "B," attached hereto.

15.    By letters dated December 28, 2007 and January 7, 2008 we undertook good faith efforts to resolve the disconnect with Defendants counsel. See Exhibit "C," attached hereto.

16.    On January 22, 2008, Defendants counsel sent a letter to our firm. In this letter counsel objected to the contention that there was no cooperation from Defendants whatsoever. Counsel stated that Defendants would respond to Plaintiff's discovery requests and that the Motion to Dismiss would be filed and re-served via the ECF system. See Exhibit "D," attached hereto. None of the above has occurred as of the day of this Affidavit.

17.    I again tried to contact Defendants counsel on January 23, 2007 via telephone. Due to the fact that counsel was not reachable, I left a message.

18.    On January 24, 2007, as I was out of the office, Defendants' counsel left a voicemail with a request for a call back. I returned Ms. Hoyos' call in afternoon of the same day. However, as I was informed by her staff, she was not available. I requested that she please call me back. I have not received any further communication from her since that date.

19.    As demonstrated above, Defendants not only failed to answer the complaint in this action, they also failed to respond to Plaintiff's discovery requests and, apart from their counsels letter dated January 22, 2008, ignored any of our attempts to resolve the communication issues that exist between Plaintiff and the Defendants.

20.     WHEREFORE, plaintiff respectfully requests his motion for entry of a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure awarding the plaintiff a permanent Injunction, monetary damages in an amount to be determined by the Court, costs and disbursement, including reasonable attorneys' fees, in an amount to be determined by the Court, and for such other and further relief as the Court deems just and proper the be granted.

Dated: New York, New York

1 / 31 / 08

Daniel Zohny

Sworn to before me this 31

Day of January, 2008.

Notary Public

Marc Andrew Lavaia
Notary Public, State of New York
No. 31-02LA6072899
Qualified in New York County
Commission Expires April 15, 2010

# EXHIBIT "A"

**Full docket text:**
***REJECTION OF ATTEMPTED PAPER FILING IN ECF CASE. The following document(s)
Defendant Guitian Brothers Music, Inc. and Oscar Guitian's Motion to Dismiss Verified Compalint nad
Motion to Quash Service of Process by Sandra Hoyas, Esq., was rejected by the Clerk's Office and must be
FILED ELECTRONICALLY on the Court's ECF System. (tve)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/31/2008 16:29:05 | | |
| **PACER Login:** | rb3748 | **Client Code:** |
| **Description:** | History/Documents | |
| **Billable Pages:** | 1 | **Cost:** 0.08 |

# EXHIBIT "B"

# BARTON
# BARTON
# & 
# PLOTKIN
### LLP

**ATTORNEYS AT LAW**

GRAYBAR BUILDING | 420 LEXINGTON AVENUE | NEW YORK NY 10170

212.687.6262 | FAX 212.687.3667 | BARTONESQ.COM

<u>Via First Class Mail</u>

November 14, 2007

Sandra Hoyos
Hoyos and Associates
1325 Ponce de Leon Blvd, No. 238
Coral Gables, FL 33134

Re:    *Jose Ortiz v. Guitian Brothers Music, Inc., et al.*
        Index No. 07 CV 3897

Dear Ms. Hoyos:

Enclosed please find the following:

- Plaintiff's First Set of Interrogatories
- Notice of Deposition for Guitian Brothers Music, Inc., and Oscar Guitian
- Plaintiff's First Request for Production of Documents

Also enclosed please find a courtesy copy of the Notice of Deposition for Universal Music Group Distribution, Inc.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Daniel Zohny

Enclosures

Gary Adelman (GA7138)
BARTON BARTON & PLOTKIN, LLP
420 Lexington Avenue, Suite 1830
New York, New York 10170
Phone: (212) 687-6262
Fax:    (212) 687-3667
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSE ORTIZ p/k/a JAO

|  |  |
|---|---|
| Plaintiff, | 07 CV 3897 |
|  | (RWS) |
| -against- | |
|  | ECF CASE |
| GUITIAN BROTHERS MUSIC INC., OSCAR GUITIAN, and UNIVERSAL MUSIC GROUP DISTRIBUTION, INC. | **PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| Defendant(s). | |

-------------------------------------------------------------X

Plaintiff JOSE ORTIZ p/k/a JAO ("Plaintiff") by his attorneys Barton Barton & Plotkin LLP, hereby demands, pursuant to Rule 33 of the Federal Rules of Civil Procedure, that Defendant Oscar Guitian ("Guitian") answer the following Interrogatories as instructed herein within 30 days of the date of service hereof.

These Interrogatories hereby incorporate by reference the full texts of the definitions and rules of construction set forth in subparagraphs (c) and (d) of Local Rule 26.3 of the Rules of the United States District Court for the Southern and Eastern Districts of New York, in addition to the Instructions and Definitions set forth below.

## INSTRUCTIONS

(a)    If you cannot answer any interrogatory in full, then answer the interrogatory to the extent to which you are able, specify the reasons for your inability to

answer the remainder, and state what information, knowledge or belief you have concerning the unanswered portion. If you assert an objection to any portion of an interrogatory, you must state your objection indicating the portion to which your objection applies, and answer the portion of the interrogatory to which you do not object. If you claim any ambiguity in interpreting any interrogatory, then answer the interrogatory applying what you consider to be the broadest reasonable interpretation, and indicate your interpretation in your written response thereto.

(b)    If you claim that any information sought by an interrogatory is immune from disclosure on the ground of any privilege or "work product" protection, or any other ground, then identify the information being withheld and the ground for withholding it.

(c)    These Interrogatories are continuing during the pendency of this action. In the event that, after your initial response to these Interrogatories, you discover additional relevant information, or you learn or discover that your prior answers were incomplete, you are obligated to supplement your answers to these Interrogatories.

(d)    If you do not know the information necessary to answer an interrogatory fully, you are obligated to make a reasonable effort to obtain such information.

(e)    The following rules of construction apply to these Interrogatories:

(i)    The terms "all" and "each" shall be construed as all and each.

(ii)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory all responses that might otherwise be construed to be outside of its scope.

2

(iii)    The use of the singular form of any word includes the plural and *vice versa*.

(f)    Where an interrogatory asks you to identify a person or custodian, provide that person's (1) full name; (2) current address, or, if the person's current address is unknown, his or her last known address; (3) current telephone number; and (4) the name, address and telephone number of the person's current employer or place of employment, or, if the person's current employer or place of employment is unknown, the name, address and telephone number of his or her last known employment or place of employment and the last date on which such information is known to have been current.

(g)    Where an interrogatory asks you to identify a location, provide the physical address of the location, and any additional information necessary to identify the location with specificity.

(h)    These Interrogatories shall be deemed continuing so as to require further and supplemental responses by Plaintiff in the event that it obtains additional responsive information between the time of the initial response hereto and the time of hearing or trial.

## DEFINITIONS

These definitions are an integral part of the individual interrogatories set forth herein.

a.    "Guitian" "you," "your" and "yours" mean and/or refer to the Defendant Universal Music Group Distribution, Inc. in this action, together with its principals, officers, employees, parent entities, subsidiaries, attorneys, agents, and any other person or entity acting or purporting to act on its behalf.

3

b.    "GBM" means and/or refers to the Defendant Guitian Brothers Music, Inc. in this Action, together with its principals, officers, employees, parent entities, subsidiaries, attorneys, agents, and any other person or entity acting or purporting to act on its behalf.

c.    "Guitian" means and/or refers to the Defendant Oscar Guitian in this Action;

d.    "Ortiz" means the Plaintiff in this action, Jose Ortiz p/k/a Jao,

e.    "Communication" means the transmittal of information, whether in the form of facts, ideas, inquiries or otherwise, and regardless of the means thereof.

f.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

g.    "Document" means any information reduced to tangible form, including, without limitation, writings, drawings, graphs, charts, photographs, phonorecords, electronic or computerized data compilations, and other data compilations from which information can be obtained, and must be translated, if necessary, by the you through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

h.    "Person" means any natural person or any business, legal or governmental entity or association.

## INTERROGATORIES

**Interrogatory No. 1.** State the exact, full and complete legal name and the address at which the Defendant GBM currently operates a principal place of business and/or has operated a principal place of business past five (5) years.

4

**Interrogatory No. 2.** State the exact, full and complete legal name and the address at which the Defendant Guitian currently resides and/or has resided in the past five (5) years.

**Interrogatory No. 3.** Identify each person who is a witness to the events and transactions alleged in the Complaint.

**Interrogatory No. 4.** State the relationship between UMDG and GBM and/or Guitian in connection with the Motion Picture.

**Interrogatory No. 5.** Identify the custodian and location of each of the following categories of documents in the possession, custody or control of Plaintiff:

        (a)    All documents provided by Defendants Guitian and/or GBM to Plaintiff;

        (b)    All communications between Plaintiff and Defendants Guitian and/or GBM;

        (c)    All communications between Defendants Guitian and/or GBM or and any third parties relating to Plaintiff.

        (d)    All documents concerning the payment of royalties to Plaintiff by Defendants Guitian and/or GBM or any other third parties;

        (e)    All agreements between Plaintiff and Defendants Guitian and/or GBM;

        (f)    All agreements between Defendants Guitian and/or GBM and Defendant GBM and/or Defendant Guitian;

        (i)    All other documents relating to this action and/or the subject matter thereof; and

5

(j)    All computer, electronic and/or digital storage devices on which any of the foregoing items are stored.

**Interrogatory No. 6.** State whether any advances were paid to Defendants GBM and/or Defendant Guitian in connection with the production and/or distribution of the Motion Picture. In the event of advance payments, state the amount that was paid to Defendant GBM and/or Defendant Guitian.

**Interrogatory No. 7.** Identify the amount of royalty payments that have accrued in favor of and/or have been paid to Defendants GBM and/or Defendant Guitian and/or Jose Manuel Guitian p/k/a Don Dinero in connection with sale of the motion picture "Don Dinero - Su Vida y la Calle" (the "Motion Picture") including the masters of the following thirteen (13) musical compositions (the "Masters") which were used as the background instrumental score for the Motion Picture:

    a.  Guitar Solo #1
    b.  Piano RA
    c.  Party #1
    d.  Gangsta
    e.  War
    f.  Primo Lay Back
    g.  YELL
    h.  Russia
    i.  EM
    j.  Guitar Solo #2
    k.  Set Trip
    l.  Latin Poppin
    m.  Party #2.

as of the date of your response to these interrogatories.

**Interrogatory No. 8.** Identify the amount of copies sold and/or distributed of the Motion Picture.

6

**Interrogatory No. 9.**  Identify the average wholesale and the average retail price of the Motion Picture.

**Interrogatory No. 10.**      Identify each person whom you have consulted as an expert with respect to this action, including, but not limited to the name of the person which was consulted to in order to set forth a response to Interrogatories No.6, 7 and 8.

Dated: New York, New York
          November 12, 2007

                          Respectfully submitted,

                          BARTON, BARTON & PLOTKIN, LLP

                          By:
                                Gary Adelman
                                *Attorneys for the Plaintiff*
                                420 Lexington Avenue, 18th Floor
                                New York, NY 10170
                                Tel: 212.687.6262
                                Fax: 212.687.3667

TO:

Sandra Hoyos
Hoyos and Associates
*Attorneys for Defendants*
*Guitian Brothers Music, Inc.*
*Oscar Guitian*
1325 Ponce de Leon Boulevard, No. 238
Coral Gables, FL 33134

Gary Adelman (GA7138)
BARTON BARTON & PLOTKIN, LLP
420 Lexington Avenue, Suite 1830
New York, New York 10170
Phone: (212) 687-6262
Fax:    (212) 687-3667
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE ORTIZ p/k/a JAO

                                        Plaintiff,          07 CV 3897
                                                             (RWS)

            -against-                                        ECF CASE

GUITIAN BROTHERS MUSIC INC., OSCAR          **NOTICE OF DEPOSITION**
GUITIAN, and UNIVERSAL MUSIC GROUP
DISTRIBUTION, INC.

                                        Defendant(s).
-----------------------------------------------------------------X

      **PLEASE TAKE NOTICE,** that pursuant Rule 30(b)(1) of the FRCP, the

undersigned will take the deposition upon oral testimony of the parties listed below as

adverse parties at the date, hour and place indicated below, concerning all of the relevant

facts and circumstances in connection with this action, including negligence, liability and

damages.  Defendant reserves the right to videotape the deposition and notice of such

intent is hereby made.  The testimony taken during this deposition and notice of such

intent is hereby made.  The testimony taken during this deposition will be used as

evidence in the above captioned case, as will documents produced at or prior to such

deposition.

      **PLEASE TAKE FURTHER NOTICE,** that upon such examination, all books,

records, papers or things, including but not limited to documents demanded in the Notice

to Produce Documents which relate to the controversy are to be produced by the parties

being examined for the use in accordance with Rule 30(b)(5) and Rule 34 of the FRCP.

Parties to be examined:

1) Guitian Brothers Music, Inc
2) Oscar Guitian

Date, Time and Place:

December 14, 2007 at 10:00 a.m. at the office of
Barton Barton & Plotkin, LLP
420 Lexington Avenue, 18th Floor
New York, NY 10170.

Dated: New York, New York           Best regards,
          November 13, 2007

BARTON, BARTON & PLOTKIN, LLP

By: _____
          Gary Adelman (GA7138)
          *Attorneys for the Plaintiff*
          420 Lexington Avenue, 18th Floor
          New York, NY 10170
          Tel: 212.687.6262
          Fax: 212.687.3667

TO:
Barry I. Slotnick
Loeb & Loeb LLP
*Attorneys for Defendant*
*Universal Music Group Distribution, Corp.*
345 Park Avenue
New York, NY 10154
Tel.:(212) 407-4000

Sandra Hoyos
Hoyos and Associates
*Attorneys for Defendants*
*Guitian Brothers Music, Inc.*
*Oscar Guitian*
1325 Ponce de Leon Boulevard, No. 238
Coral Gables, FL 33134

Gary Adelman (GA7138)
BARTON BARTON & PLOTKIN, LLP
420 Lexington Avenue, Suite 1830
New York, New York 10170
Phone: (212) 687-6262
Fax:    (212) 687-3667
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE ORTIZ p/k/a JAO

                                            Plaintiff,                            07 CV 3897
                                                        (RWS)

                     -against-                                 ECF CASE

GUITIAN BROTHERS MUSIC INC., OSCAR       **PLAINTIFF'S FIRST REQUEST**
GUITIAN, and UNIVERSAL MUSIC GROUP       **FOR PRODUCTION OF**
DISTRIBUTION, INC.                             **<u>DOCUMENTS</u>**

                                   Defendant(s).
-----------------------------------------------------------------X

        PLEASE TAKE NOTICE that pursuant to Rule 26 and 34 of the Federal Rules of

Civil Procedure, the Plaintiff, Jose Ortiz ("Plaintiff"), by and through its counsel, requests

that Defendant Guitian Brothers Music, Inc. and Oscar Guitian produce for copying and

inspection at the offices of Barton Barton & Plotkin LLP, 420 Lexington Avenue, New

York, NY 10170 within 30 days from this request, the documents that are listed below.

## <u>DEFINITIONS and INSTRUCTIONS</u>

        1.    **Incorporation of Local Rules.**  The terms used herein are to be

constructed in accordance with Local Rules 26 and 34 of the United States District Court

for the Southern District of New York.

        2.    **Orderly Production.** The documents produced pursuant to this Request

shall be segregated and identified according to the specific request to the specific request

to which they are responsive. Duplicate copies of documents that are responsive to more than one request need not be produced if the specific request to which such documents relate are designated.

3.    **Attachment and Enclosures.** All designated documents are to be taken as including all attachments and enclosures. Any documents referring or relating only in part to any of the requests herein shall also be produced.

4.    **Original File Folders.** In producing the documents requested herein, produce the documents in their original file folders or, in lieu thereof, attached to the sets of documents produced from the given file, a photographic or electro-static duplicate of all written or printed materials in the original file folder. The integrity and internal sequence of the requested documents within each folder shall not be disturbed. Under no circumstances shall documents from any file folder be commingled with documents from any other file folder.

5.    **Language Used.** Whenever necessary to bring within the scope of these requests documents that might otherwise be outside of the purview of such request: the singular from of a word shall be interpreted to include past, present, and future tenses; the terms "and," as well as, "or" shall be construed either conjunctively or disconjunctively; the word "each" shall mean both "each" and "every" and the word "every" shall mean both "each" and "every;" and words imparting the masculine shall include feminine and vice versa.

6.    **Document.** The term "document" shall be construed broadly and shall include, without limitation: notes and drafts, as well as formal documents, the original and all non-identical copies, letters, emails, and all written, electronic, recorded, typed,

printed, taped, and/or transcribed records retrievable from computers, photographs, microfilms, invoices, bills, and/or receipts.

7.  **Redacted Form.**  Whenever a document is produced in redacted form, please state with particularity the reason or reasons it is not produced in full, and described to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not produced.

8.  **Scope of Request.**  The documents requested herein specifically include those documents in possession, custody, or control of any or all of a party's present and former employees, agents, accountants, auditors, managers, brokers, consultants, or other representatives; or any other person or entity acting, or who has acted, on behalf of a party.

9.  **Claim of Privilege.**  If any of the documents requested below are claimed by a party to be privileged or are otherwise withheld, a party must set forth, with respect to each document or documents, facts of sufficient specificity to permit the Court to make a full determination as to whether the claim or privilege or other ground for withholding is valid, including each and every basis upon which said privilege or ground for withholding is valid, including each and every basis upon which said privilege or ground for withholding is claimed.  In particular, and without limiting the generality of the foregoing, set forth with respect to each such document:

    (a) The author(s) of document;

    (b) The addressee, if any, and those persons, if any, who have seen or received a copy of the document, or who are specified in the document to receive a copy thereof;

(c) The title of the document, if any, or other identifying data;

(d) The type of document;

(e) The summary, the nature and subject matter of the documents;

(f) The current location of the document;

(g) The date on which the document was prepared;

(h) The date on which the document was sent to, or received by a party;

(i) The identity of all individuals to whom the substance of the document was transmitted, or who saw such document and under what circumstances;

(j) The name, title, business address, and business telephone number of the current custodian of the document; and

(k) Each and every basis upon which such privilege or other ground for withholding is claimed.

10.    **Claim of Unavailability.**  If a request calls for the production of a document that has been destroyed, placed beyond control of a party or otherwise disposed of, set forth with respect to each such document items (a) through (k) as enumerated in Paragraph 9 of this Request.

11.    **Vagueness Objections.**  If a party objects to any request on the ground that any language therein is vague, ambiguous, or unintelligible, set forth facts sufficiently specific to permit the Court to make full determination as to whether the objection is valid  At a minimum specify:

(a) Which words the party finds vague, ambiguous, or unintelligible; and

4

(b) Why the language cannot reasonably be understood within the context

of the entire Request.

12.    **Burdensome Objections.**  If a party objects to any request on the ground

that it is unduly burdensome, oppressive, overly broad, or unduly time-consuming, set

forth facts sufficiently specific to permit the Court to make a full determination as to

whether the objection is valid.  At a minimum, set forth in specific, quantitative terms,

the facts that are asserted in support of the objection (i.e. the best estimate of the number

of documents the Request encompasses, the time reasonably required to produce the

documents, and the expenses reasonably required to respond to the Request).

13.    **Continuing Obligations.**  This Request for production of Documents

shall be deemed continuing, and the responding party shall be obligated to change,

supplement and correct the production to conform to all available information, including

such information as becomes available after the production of documents pursuant to this

request and until the close of discovery in this action.

14.    Defendants.  Hereinafter the Defendants to this action shall be referred to

as follows:

- Defendant GUITIAN BROTHERS MUSIC INC. ("GBM"), together with its

  principals, officers, employees, parent entities, subsidiaries, attorneys, agents, and

  any other person or entity acting or purporting to act on its behalf.

- Defendant OSCAR GUITIAN ("Guitian"), and

- Defendant UNIVERSAL MUSIC GROUP DISTRIBUTION, INC. ("UMGD"),

  together with its principals, officers, employees, parent entities, subsidiaries,

attorneys, agents, and any other person or entity acting or purporting to act on its behalf.

- GBM, Guitian and UMGD hereinafter collectively "Defendants."

15.    In the event that any document (including any electronic information) covered by this request has been destroyed or transferred to a third party over whom you claim you lack control, identify:

> (a)  the documents by date, author, recipients(s), subject matter and context;
>
> (b)  the date and circumstances surrounding destruction and transfer;
>
> (c)  the reason(s) for destruction or transfer
>
> (d)  the person(s) or entity(ies) to whom transferred;
>
> (e)  present location;
>
> (f)  any requests you have made for the return of either the original document(s) or a copy thereof to your possession; and
>
> (g)  the date and manner in which you can or may obtain the return of each such document.

## DOCUMENT REQUESTS

1.  All correspondence exchanged between GBM, Guitian and UMGD pertaining to the production, sale and/or distribution of the masters of the following thirteen (13) musical compositions (the "Masters") which were used as the background instrumental score for the Motion Picture "Don Dinero - Su Vida y la Calle" (the "Motion Picture") :

- Guitar Solo #1

- Piano RA

- Party #1

- Gangsta

- War

- Primo Lay Back

- YELL

- Russia

- EM

- Guitar Solo #2

- Set Trip

- Latin Poppin

- Party #2.

as of the date of your response to these document requests.

2. All correspondence exchanged between GBM, Guitian and UMGD pertaining to the payments of royalties for the Masters and/or the alleged non-payment of royalties duly owed to Plaintiff concerning the Masters.

3. All correspondence exchanged between the Defendants and any other parties pertaining to the payments of royalties for the Masters and/or the alleged non-payment of royalties duly owed to Plaintiff concerning the Masters.

4.  All correspondence exchanged between GBM, Guitian and UMGD pertaining to the payments of royalties for the Motion Picture and/or the alleged non-payment of royalties duly owed to Plaintiff concerning the Masters.

5.  All correspondence exchanged between the Defendants and any other parties pertaining to the payments of royalties for the Motion Picture and/or the alleged non-payment of royalties duly owed to Plaintiff concerning the Masters.

6.  All documents pertaining to the royalties for the Masters and/or the Motion Picture.

7.  All documents pertaining to the cost of transportation for Plaintiff to Miami, FL in connection with the production of the Masters.

8.  All documents pertaining to the separate production fee for each of the Masters produced by Plaintiff for use as the background instrumental score of the Motion picture which was promised to Plaintiff by GBM and Guitian.

9.  All documents pertaining to the sales figures with respect to the Masters and/or the Motion Picture.

10. All documents pertaining to revenues that can be attributed to the sale and distribution of the Masters and/or the Motion Picture.

11. All agreements between Defendant UMGD and Defendant GBM and/or Defendant Guitian.

12. All notes pertaining to royalty payments concerning the Masters and/or the Motion Picture.

13. All copies checks that were sent to GBM, Guitian and/or Plaintiff pertaining to the Masters and/or the Motion Picture.

14. All documents, records and other communications which UMGD intends to
    introduce in the trial of this action.

15. All documents, records and other communications relevant to this action.
    Defendant reserves its right to supplement this document request.

Dated: New York, New York

       November 12, 2007

                        Respectfully submitted,

                        BARTON, BARTON & PLOTKIN, LLP

                        By:
                           Gary Adelman
                           *Attorneys for the Plaintiff*
                           420 Lexington Avenue, 18th Floor
                           New York, NY 10170
                           Tel: 212.687.6262
                           Fax: 212.687.3667

TO:
Sandra Hoyos
Hoyos and Associates
*Attorneys for Defendants*
*Guitian Brothers Music, Inc.*
*Oscar Guitian*
1325 Ponce de Leon Boulevard, No. 238
Coral Gables, FL 33134

9

# EXHIBIT "C"

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

212-603-6300

FAX 212-956-2164

December 28, 2007

Daniel Zohny
(212) 603-6300
dz@robinsonbrog.com

**VIA FIRST CLASS MAIL AND FACSIMILE AND EMAIL**

Sandra Hoyos, Esq.
Hoyos and Associates
1325 Ponce de Leon Blvd, No. 238
Coral Gables, FL 33134
Fax: 305.774.7310
Email: shoyos@comcast.net

> Re:   **Jose Ortiz v. Guitian Brothers Music, Inc., et al.**
>         **Index No. 07 CV 3897**

Dear Ms. Hoyos,

By letter, dated November 14, 2007 we sent you the following:

- Plaintiff's First Set of Interrogatories
- Notice of Deposition for Guitian Brothers Music, Inc., and Oscar Guitian
- Plaintiff's First Request for Production of Documents

As of December 28, 2007, we have not received any responses to our discovery requests. I personally contacted your offices by telephone on numerous occasions in order to request the responses which are due, and in order to discuss the motion to dismiss that you had sent to us, which, however, was never served in accordance with the FRCP and the Local Rules for the Southern District of New York. You never responded to my inquiries.

As you know, pursuant to the order of the Court, dated October 10, 2007, discovery is to be completed by February 13, 2007. Therefore, we request that by Friday, January 4, 2008 you provide us with a list of dates on that you will be able to produce the persons mentioned in our letter dated November 14, 2007 for purposes of depositions. We further request that you respond to Plaintiff's First Set of Interrogatories and to Plaintiff's First Request for Production of Documents.

{00364194.DOC;1}

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

212-603-6300

FAX 212-956-2164

January 7, 2008

Gary Adelman
(212) 603-0481
gpa@robinsonbrog.com

**VIA FIRST CLASS MAIL AND FACSIMILE AND EMAIL**

Sandra Hoyos, Esq.
Hoyos and Associates
1325 Ponce de Leon Blvd, No. 238
Coral Gables, FL 33134
Fax: 305.774.7310
Email: shoyos@comcast.net

> Re: *Jose Ortiz v. Guitian Brothers Music, Inc., et al.*
> Index No. 07 CV 3897

Dear Ms. Hoyos,

Please be advised that Gary Adelman, Esq., and I have changed firms and that this matter is now being handled by this office. Please find enclosed a copy of the fully executed Consent to Change Attorney.

This letter is written to you in a final good faith effort to try and compel discovery from your client.

In November, 2007, you emailed Mr. Adelman a motion to dismiss. Said motion was never filed properly with the Court and has been rejected. On November 14, 2007, our office served on your office, Plaintiff's First Set of Interrogatories, a Notice of Depositions regarding your clients and Plaintiff's First Request for Production of Documents, etc. To date, we have received neither the responses nor have we received any objections to our requests.

Over the last four weeks, Mr. Adelman and me have tried to contact you to arrange a meet and confer with you and the co-defendants attorney, Barry I. Slotnick, Esq. On December 28, 2007 we sent you a letter via email, fax and first class mail, requesting your availability on Friday, January 4, 2008 to again have the meet and confer as required by the Federal Rules of Civil Procedure.

To date, you have not responded to any of our requests. If we do not hear from you by close of business on Wednesday, January 9, 2008, we will be sending a letter to the Court asking

{00369064.DOC;2}

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

the Court to compel your Clients to respond to our discovery and requesting costs and sanctions for failing to respond to any of our inquires.

Your next action shall govern ours.

Best regards,

Daniel Zohny

Enclosures

Cc:    Barry I. Slotnick Esq.

{00369064.DOC;2}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOSE ORTIZ p/k/a JAO,

                                    Plaintiffs,              07 Civ 3897

            -against-                                        **CONSENT TO**
                                                             **CHANGE ATTORNEY**
GUITIAN BROTHERS MUSIC INC., OSCAR GUITIAN,
and UNIVERSAL MUSIC GROUP DISTRIBUTION,
INC.,

                                    Defendants.
-----------------------------------------------------------------x

    IT IS HEREBY CONSENTED THAT, Robinson Brog Leinwand Greene Genovese &

Gluck PC, with offices at 1345 Avenue of the Americas, New York, New York 10105, Tel:

(212) 603-6300, be substituted as attorneys of record for plaintiff in place and stead of the

undersigned attorney(s) as of the date hereof.

    This stipulation may be executed in any number of counterparts and when taken together

shall constitute one original document and facsimile signatures may be deemed original.

Dated:  New York, New York
         December _____, 2007

ROBINSON BROG LEINWAND GREENE              BARTON, BARTON & PLOTKIN, LLP
GENOVESE & GLUCK PC

By: _____              By: _____
    Gary Adelman                                 Roger Barton
New Attorneys for plaintiff                 Former Attorneys for plaintiff
1345 Avenue of the Americas                 420 Lexington Avenue, 18th Floor
New York, New York 10105                    New York, New York 10170
Tel: (212) 603-6300                         Tel: (212) 885-8816
Fax: (212) 956-21634                        Fax: (212) 687-3667

_____
    Jose Ortiz p/k/a Jao

{00361525.DOC;1}

```
                    **********************
                ***    TX REPORT    ***
                    **********************

    TRANSMISSION OK

    TX/RX NO            4845
    CONNECTION TEL              13057747310
    SUBADDRESS
    CONNECTION ID
    ST. TIME            01/07 07:12
    USAGE T             01'12
    PGS.                  4
    RESULT              OK
```

## ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

### 1345 AVENUE OF THE AMERICAS

### NEW YORK, NEW YORK 10105-0143

TELECOPIER: (212) 956-2164

Writer's Direct Dial: (212) 603-6386
Writer's Direct E-Mail: dz@robinsonbrog.com

## TELECOPIER TRANSMITTAL
### January 7, 2008

THIS COMMUNICATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO
WHOM IT IS ADDRESSED AND SHOULD BE READ ONLY BY THAT INDIVIDUAL OR ENTITY, OR
AGENT THEREOF, AS IT MAY CONTAIN PRIVILEGED OR CONFIDENTIAL INFORMATION THAT IS
EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. ANY UNAUTHORIZED
DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US
IMMEDIATELY BY TELEPHONE AT (212) 603-6300

FROM: Daniel Zohny, Esq.                     TO: Sandra Hoyos, Esq.

OFFICE PHONE NO.:                            FAX NO.: (305) 774-7310

CLIENT NAME/NUMBER:   Jose Ortiz v. Guitian Brothers Music, Inc., et al.

COMMENTS: Please see the attached correspondence.

# ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

## 1345 AVENUE OF THE AMERICAS

## NEW YORK, NEW YORK 10105-0143

TELECOPIER: (212) 956-2164

---

**Writer's Direct Dial: (212) 603-6386**
**Writer's Direct E-Mail: dz@robinsonbrog.com**

---

### TELECOPIER TRANSMITTAL
January 7, 2008

---

THIS COMMUNICATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED AND SHOULD BE READ ONLY BY THAT INDIVIDUAL OR ENTITY, OR AGENT THEREOF, AS IT MAY CONTAIN PRIVILEGED OR CONFIDENTIAL INFORMATION THAT IS EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. ANY UNAUTHORIZED DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT (212) 603-6300

---

FROM:  Daniel Zohny, Esq.

TO:  Sandra Hoyos, Esq.

OFFICE PHONE NO.:

FAX NO.: (305) 774-7310

CLIENT NAME/NUMBER:  Jose Ortiz v. Guitian Brothers Music, Inc., et al.

COMMENTS: Please see the attached correspondence.

NO. OF PAGES (including cover sheet): 3

ORIGINAL OF TRANSMITTED DOCUMENT(S) WILL BE SENT BY:
[ X ]Ordinary Mail
[ ] Overnight Mail
[X]E-Mail
[ ] Messenger
[ ] This will be the only form of delivery

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL BACK AS SOON AS POSSIBLE – (212) 603-6300

{00364285.DOC;1}

# EXHIBIT "D"



**ATTORNEY AT LAW**

<u>**VIA FACSIMILE**</u>
**(212) 603-6300**

January 22, 2008

Gary Adelman, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck, P.A.
1345 Avenue of the Americas
New York, New York 10105-0143

    **RE:**   Ortiz v. Guitian Brothers Music, Inc. et al.
          Case No. 07 CV 3897 (RWS)

Dear Mr. Adelman:

    I am writing in response to your correspondence dated January 18, 2008, addressed to the Honorable Judge Sweet. Please be informed that you and I have indeed made contact since your alleged November 14, 2007 date and, as I advised you then, my client, Oscar Guitian, individually, as well as Guitian Brothers Music, have a pending Motion to Dismiss for Lack of Jurisdiction before the Court. Your previous firm was served with a copy of the same, and I also filed a copy on the date of the initial status conference before this Court since I did not have any electronic filing information at that time. Further, as I informed you previously, my office was closed from December 23, 2007 through January 7, 2008. Accordingly I could not have responded to your proposed good faith efforts to "resolve the disconnect with Defendants counsel and put Defendants on notice..."

    Moreover, at no time have we refused cooperation in this action, nor have we denied any request to confer pursuant to FRCP 26 (f). I will once again provide you with a copy of the Defendants' Motion to Dismiss for your file and re-serve the same with the Court via the electronic filing system. In addition, we will respond to your discovery requests as we deem necessary to protect the Defendants' position regarding lack of jurisdiction. As to coordinating a conference, you may reach my assistant, Marina, at (305) 774-9210 to coordinate the same.

          Sincerely,

          SANDRA HOYOS, ESQ.

cc:   Honorable Judge Sweet
      Barry I. Slotnick, Esq.

1825 Ponce de Leon Blvd., Suite 238 • Coral Gables, FL 33134 • Phone: 786-291-2440 • shoyos@comcast.net