Sandra Hoyos, Esq.
HOYOS & ASSOCIATES, LLC
1825 Ponce de Leon Blvd., No. 238
Coral Gables, FL 33134
Tel: (786) 291-2440
Fax: (305) 774-7310
*Attorneys for Defendants GBM and GUITIAN*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE ORTIZ p/k/a JAO, | CASE NO. 07-CIV-3897 |
| Plaintiff, | |
| vs. | |
| GUITIAN BROTHERS MUSIC, INC., OSCAR GUITIAN, and UNIVERSAL MUSIC GROUP DISTRIBUTION, INC., | |
| Defendants. | |

**DEFENDANTS GUITIAN BROTHERS MUSIC, INC. AND OSCAR GUITIAN'S MOTION TO DISMISS VERIFIED COMPLAINT AND MOTION TO QUASH SERVICE OF PROCESS**

Defendants, GUITIAN BROTHERS MUSIC, INC ("GBM") and OSCAR GUITIAN ("GUITIAN"), by and through undersigned counsel and pursuant to the applicable rules of Federal Procedure and other applicable law, hereby file their Motion to Dismiss the Verified Complaint ("Complaint") and Motion to Quash Service of Process, and state that the Complaint must be summarily dismissed based on well-established principles of lack of personal and subject matter jurisdiction and *forum non conveniens*. In support thereof, GBM and GUITIAN state as follows:

**I.   PRELIMINARY STATEMENT**

This case is simply an improper attempt by Plaintiff, a resident of New York, to obtain preferential treatment and improperly haul GBM and GUITIAN to litigate this case under the laws of New York, rather than the State of Florida, where all pertinent acts, if any, occurred. As

discussed below in detail, <u>this action should be dismissed based on well established principles of personal and subject matter jurisdiction, and forum non conveniens. In addition, dismissal is appropriate based on insufficiency of process and failure to state a cause of action, which Defendants GBM and GUITIAN will not treat herein as this is a limited appearance for purposes of jurisdiction only.</u>

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Instant Lawsuit

The Plaintiff, JAO, ("Plaintiff") filed a Verified Complaint against: (1) GBM, a Florida Corporation, (2) Guitian, individually, and (3) Universal Music Group Distribution, Inc. ("Universal"). None of the parties, however, are either entities or residents of the State of New York.

In the Verified Complaint, Plaintiff alleges that he purportedly maintains claims for copyright infringement (Count I), unfair competition (Count II) and quasi contract unjust enrichment (Count III) against GBM, a record label, and GUITIAN, its principal officer, on the basis that GUITIAN and his brother Jose Manuel Guitian p/k/a Don Dinero [who is not a party to this lawsuit] would share ten percent (10%) of the shares of GBM. In addition, Plaintiff was purportedly promised a ten percent (10%) share in the publishing rights for the production of a "Motion Picture" as well as the musical score for the motion picture known as "Su Vida y la Calle," a <u>documentary</u> [not a "motion picture"] relating the life experiences of Don Dinero. However, there is no allegation by Plaintiff that any of these services were provided within or from the State of New York. In fact, the Plaintiff admits that "Plaintiff flew to Miami, FL [sic] where he started to compose the Works for the Motion Picture." Plaintiff further alleges that during July, August and September he made three (3) additional trips *to **Miami*** in order to complete the "works." *See* Complaint at § 31. The only alleged unsubstantiated connection to New York is that GBM and/or GUITIAN "transact" and/or

otherwise "conduct" business within the State of New York. See Complaint at § 27. Yet, Plaintiff has failed to provide even one example of any such connection. Moreover, even if true, this allegation is insufficient to confer this Court's personal jurisdiction over GBM and/or GUITIAN.

Significantly, Plaintiff acknowledges in the Complaint that GBM is a Florida corporation, duly organized under the laws of that State, and its only offices are located at 8051 N.W. 36th Street, Doral, Florida 33166. See Complaint at § 3. Dismissal of the Complaint is more than justified under the principles of lack of personal and subject matter jurisdiction, insufficiency of process, improper venue, *forum non conveniens*, and failure to state a cause of action.

## II. LACK OF PERSONAL JURISDICTION

### A. Legal Standard

#### i. Motion to Dismiss

It is gainsaid that it is the plaintiff's burden to establish the propriety of a court's exercise of personal jurisdiction over parties to the suit. See *In re Commodore Int'l, Ltd.*, 242 B.R. 243, 250 (Bankr. S.D.N.Y. 1999) (citing *Falik v. Smith*, 884 F. Supp. 862, 864 (S.D.N.Y. 1995)). When a motion challenging personal jurisdiction is presented before discovery has been conducted on that issue, the plaintiff may defeat the motion by pleading a *prima facie* showing of personal jurisdiction over defendants. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998); *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). When, as here, a defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. *Perry v. Broadcast Music, Inc.*, 23 Fed Appx. 210 (6th Cir. 2001), citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). All pleadings and affidavits "are construed in the light most favorable to plaintiff, and where doubt exists, they are resolved in plaintiff's favor." *Galerie Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625; see also *Mutualidad Seguros del Instituto Nacional de Industria v. M.V. Luber*, 1998 U.S. Dist. LEXIS 23165, No. 95-Civ. 10988KMWLB, 1998 WL 1108936 *1 (S.D.N.Y. Sept. 25, 1998); *Turbana Corp. v. M/V*

*"Summer Meadows"*, 2003 U.S. Dist. LEXIS 21583, No. 03-Civ. 2099(HB), [**7] 2003 WL 22852742 *1 (S.D.N.Y. Dec. 2, 2003) (not reported).

### ii. Long Arm Jurisdiction and Due Process

In the Complaint, Plaintiff asserts that this Court has jurisdiction over the claims alleged therein pursuant to 28 U.S.C. § 1331, § 1338 (2), and has pendent jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1338 (b). However, GBM and GUITIAN Dispute the right to the exercise of personal jurisdiction over either GBM or GUITIAN, as they are nonresidents of the State of New York.

In a federal question action arising under a statute that is silent regarding service of process, as is the case with the Copyright Act, a court may exercise personal jurisdiction over a nonresident defendant if (1) the defendant is amenable to process under the Long-arm Statute of the forum state; and (2) the exercise of jurisdiction by the forum state comports with due process. *See Ham*, 4 F.3d at 415; *Point Landing, Inc. v. Omni Capital Int'l, Ltd.*, 795 F.2d 415, 426-27 (5th Cir. 1986), aff'd sub nom., *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987).

*Section 302(a)(1)* of New York's long-arm statute provides for personal jurisdiction over a **non-resident** defendant who "contracts anywhere to supply goods and services within the state" where the defendant's contact is: (1) purposeful; and (2) substantially related to plaintiff's claim. *See George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648, 651-52, 363 N.E.2d 551, 394 N.Y.S.2d 844 (N.Y. 1977). Section 302 is a "single act" statute. It is not concerned with the number or quantity of contacts, but rather only with their nature or quality. *See id.*

To determine whether personal jurisdiction exists under the theory that GBM and GUITIAN, both out-of-state defendants, transacted business in New York, the law requires an assessment of the totality of the circumstances, *United States Theatre Corp. v. Gunwyn/Lansburgh*,

825 F. Supp. 594, 596 (S.D.N.Y. 1993). There are four factors that should be given special attention: (1) whether the defendant has an on-going contractual relationship with a New York corporation; (2) whether the defendant negotiated or executed a contract in New York, and whether the defendant visited New York after executing the contract with the parties; (3) whether there is a choice of law clause in any such contract; and (4) whether the contract requires [the defendant] to send notices and payments into the forum state or subjects [the defendant] to supervision by the corporation in the forum state. *Commc'ns Partners Worldwide, Inc. v. Main St. Res.*, No. 04 Civ. 10003 (PKL), 2005 U.S. Dist. LEXIS 14911, 2005 WL 1765712, at *3 (S.D.N.Y. July 26, 2005). See *Agency Rent a Car Sys., Inc. v. Grand Rent a Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996).

In the instant case, the purported "agreement" is an "oral agreement," and there are no allegations by Plaintiff JAO that the parties agreed to a choice-of-law provision, but "a choice of law clause alone is not dispositive," *Premier Lending Servs., Inc. v. J.L.J. Assoc.*, 924 F. Supp. 13, 17 (S.D.N.Y. 1996), and neither is its absence. Further, it cannot be said that either Defendant had at the time of the events in question an on-going relationship with a New York corporation. The first and third factors, therefore, do not suggest that either GBM or GUITIAN transacted business in New York.

Moreover, the second and fourth factors, however, that deal with post-contractual activity, strongly suggest that defendant did NOT transact business in New York, because none of the parties expected significant activity in New York -- almost all activity took place in Florida. See *N.Y. C.P.L.R. § 302(a)(1)* (providing jurisdiction over, inter alia, "any non-domiciliary ... who ... contracts anywhere to supply goods or services in the state"). Compare *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 21 A.D.3d 90, 94-95, 797 N.Y.S. 2d 439 (1st Dep't 2005) (finding personal

jurisdiction under *§ 302(a)(1)* where defendant, without leaving its place of business in Montana, electronically negotiated a securities transaction in New York with a New York-based plaintiff) with *PaineWebber Inc. v. Westgate Group, Inc.*, 748 F. Supp. 115, 119 (S.D.N.Y. 1990) (finding no personal jurisdiction where defendants' actions undertaken pursuant to the contract took place outside New York). Post-contractual behavior is relevant to the question of personal jurisdiction, as it must be; a great deal of contract litigation arises not from the execution of agreements, but from their implementation. *See First Wall St. Capital Corp. v. Int'l Prop. Corp.*, No. 97 Civ. 702 (JGK), 1998 U.S. Dist. LEXIS 9260, 1998 WL 338105, at *5 (S.D.N.Y. Jun 24, 1998) (holding that defendant's post-agreement follow-up meetings with plaintiff's representatives in New York, and telephone calls and faxes to New York City in connection with the agreement, were significant factors favoring of jurisdiction).

In this case, however, the purported agreement itself was entered into outside New York, as it is clear that GUITIAN did not travel to New York at any time pertinent hereto. Plaintiff clearly cites in its Complaint that most of the activities that took place in Florida.

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of jurisdiction over the defendant satisfies "traditional notions of fair play and substantial justice." *See Ham*, 4 F.3d at 415 (*citing Asahi Metal Indus. v. Superior Court*, 480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); *Command-Aire Corp. v. Ontario Mechanical Sales & Serv., Inc.*, 963 F.2d 90 (5th Cir. 1992)). Minimum contacts may give rise to specific or general personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d

404 (1984); *Wilson*, 20 F.3d at 647. A court may exercise specific jurisdiction over a nonresident defendant when the claim asserted against the defendant arises out of or relates to his contacts with the forum state. *See Helicopteros*, 466 U.S. at 414 n. 8, 104 S. Ct. at 1872 n. 8; *Wilson*, 20 F.3d at 647. General jurisdiction requires "systematic and continuous" activities by the defendant in the forum state. *See Helicopteros*, 466 U.S. at 414 n. 9, 104 S. Ct. at 1872 n. 9; Wilson, 20 F.3d at 647.

### iii.    Lack of Subject Matter Jurisdiction

In the Complaint, Plaintiff alleges that in 2003, he was solicited by GUITIAN and Don Dinero to create the works described hereinabove. While Plaintiff appears to allege that he and GBM and/or GUITIAN allegedly "agreed" to provide Plaintiff with shares of GBM and/or a share in the publishing rights, no contract was ever executed. *See* Complaint at § 26. Most importantly, there is no allegation that any of these agreements were entered into in New York, or that JAO's services were otherwise provided within or from New York. The only alleged connection to New York is a generalized allegation that GBM and/or GUITIAN purportedly solicited business in New York.

Further, based on the allegations in the Complaint, none of the alleged improper actions were conducted in the New York. In fact, there is no single allegation as to how these alleged actions are connected to New York. The alleged improper transactions relates to supposed agreements that were entered into in ***Miami***. Again, Plaintiff fails to plead the connection of the alleged transaction to Florida. In short, GBM and/or GUITIAN's purported activity and relationship to New York do not bear a sufficient relationship to Plaintiff's cause of action for GBM and/or GUITIAN to reasonably have anticipated being haled into this Court. As such, the allegations in the Complaint do not meet the minimum contact requirements under the U.S. Constitution. Hence, the Complaint should be dismissed for failing to allege a proper basis for establishing personal jurisdiction over GBM and/or GUITIAN.

CASE NO. 07-CIV-3897

Notwithstanding the foregoing, it is also well-established that not every Complaint that refers to the Copyright Act "arises under" the law for purposes of 28 U.S.C. § 1338. In particular, the federal grant of a copyright has not been thought to infuse with any national interest a dispute as to ownership or contractual enforcement turning on the facts or on ordinary principals of contract law. *See Perry*, 23 Fed. App. at 211. As in *Perry*, this case essentially involves the ownership of a documentary at issue herein that GBM and GUITIAN reserve the right to address at a later time and/or once the jurisdictional issues have been resolved.

    iv.    **Hauling GBM and GUITIAN into the Courts of the State of New York offend the 'Traditional Notions of Fair Play and Substantial Justice.'**

As noted above, after this Court decides whether state law gives rise to personal jurisdiction, it must also determine whether the exercise of jurisdiction would comport with due process. See *Arrowsmith*, 320 F.2d at 223. *The Due Process Clause* permits a forum to exercise personal jurisdiction over a non-resident defendant who has "certain minimum contacts [with the forum] . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" *Calder v. Jones*, 465 U.S. 783, 788, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940), and *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Where the claim arises out of the defendant's contacts with the forum, the required minimum contacts exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 152 (2d Cir. 2001). Moreover, it must be determined that the assertion of personal jurisdiction "comports with 'traditional notions of fair play and substantial justice'" and is reasonable under the

circumstances of the case. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996), quoting *Int'l Shoe*, 326 U.S. at 316.

"[S]atisfaction of these criteria will generally meet federal due-process requirements," *Kelly v. MD Buyline, Inc.*, 2 F. Supp. 2d 420, 431 (S.D.N.Y. 1998), because the scope of specific jurisdiction under *Section 302* does not extend as far as the federal Constitution permits. *Cuccioli v. Jekyll & Hyde Neue Metropol Bremen Theater Produktion GMBH & Co.*, 150 F. Supp. 2d 566, 572 (S.D.N.Y. 2001). However, in this case, Defendant GUITIAN *never* even entered the State of New York, nor did it GBM intend to conduct business within that State by virtue of its relationship with Plaintiff. There can therefore be little question that neither GBM nor GUITIAN have purposefully availed themselves of the privilege of doing business in New York nor could they could have foreseen the possibility of being haled into court here as a result of said transactions. For the same reason, the assertion of personal jurisdiction over GBM and GUITIAN fails to comport with the traditional notions of fair play and substantial justice under the circumstances of this case.

### III. FORUM NON CONVENIENS

#### A. Standards for Dismissal on Grounds of Forum Non Conveniens

Under the doctrine of forum non conveniens, a district court has broad discretion to dismiss an action, over which jurisdiction is otherwise proper, based on the convenience of the parties and the interests of justice. See *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527, 67 S. Ct. 828, 91 L. Ed. 1067 (1947); *R. Maganlal & Co. v. M.G. Chem. Co., Inc.*, 942 F.2d 164, 167 (2d Cir. 1991) ("A district court has broad discretion in deciding whether to dismiss an action on the grounds of forum non conveniens").

In considering a motion for forum non conveniens, district courts must first determine the degree of deference to be accorded the plaintiffs' choice of forum, since "the plaintiff's choice of forum should rarely be disturbed." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001), quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947). However, in the instant case, Defendants GBM and GUITIAN state that the Plaintiff's choice of forum is dictated by forum shopping and, accordingly, should be closely examined by this Court in light of the fact that Plaintiff, JAO, previously attempted to sue the same Defendants in the Southern District of Florida, to no avail.

### B.    Degree of Deference to Plaintiff's Choice of Forum

Ordinarily, there is a "strong presumption" in favor of the plaintiff's forum of choice, but "[b]ecause the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). For plaintiffs who sue outside their home forums, a sliding scale of deference applies, in which the amount of deference due depends on whether the plaintiff's choice of forum was dictated by considerations of convenience, as opposed to forum-shopping. See *Iragorri*, 274 F.3d at 71-72 (discussing the degree of deference due to United States plaintiffs who sue in a domestic forum where they do not reside).

In this case, Plaintiff claims to be an individual who resides in the State of New York (Complaint at ¶ 2), while Defendants GBM is a corporation incorporated under the laws of the State of Florida, and its principal place of business is in Miami (Doral), Florida, and GUITIAN is an individual residing in the State of Florida. (Complaint at ¶¶ 3, 7). While Plaintiff claims that it is a resident of the State of New York, it does not deny that the bulk of the Plaintiff's acts took place

HOYOS & ASSOCIATES, LLC
1825 Ponce de Leon Boulevard, No. 238, Coral Gables, Florida 33134 (305) 328-7098

within the State of Florida, and that any purported contracts and/or agreements stem from activity there. Accordingly, it seems clear that Plaintiff has a greater connection to the State of Florida, and aside from the availability of witnesses and evidence - issues to be considered pursuant to the balancing of private and public interest factors discussed below - plaintiff cannot seriously argue that he would be meaningfully inconvenienced if forced to litigate this case in a city where most, if not all, of the activity at issue took place. *Aside from the fact that Plaintiff is simply forum shopping as he intended to file a lawsuit on a prior occasion in the State of Florida, against the same parties, with no success. (Emphasis added).*

It is not, however, Plaintiff's burden to show that New York is more convenient than Florida. The degree of deference to be afforded a plaintiff's choice of forum varies depending on the extent to which the plaintiff appears to have engaged in illegitimate forum-shopping. The more it appears that forum-shopping motivated the choice of forum, "the less deference the plaintiff's choice commands," *Iragorri, 274 F.3d at 72*, whereas the more it appears that the plaintiff's choice has been dictated by "valid" reasons - perhaps most importantly, considerations of convenience - "the greater the deference that will be given to the plaintiff's forum choice." *Id. at 71-72.* In this case, as will be discussed above, there no doubt that Plaintiff has engaged in illegitimate forum-shopping, as opposed to simply seeking to litigate the case where most of the acts and/or actions taken to enter into the purported agreement at issue allegedly took place. Accordingly, little, if no deference at all should be given to the domestic Plaintiff. *Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000)* ("[L]ess deference is not the same thing as no deference").

### C. Adequate Alternative Forum

To secure dismissal of an action on grounds of forum non conveniens, a movant must show that an adequate alternative forum is available. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 157 (2d Cir. 2005). "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003). The moving party has the burden of showing that an adequate alternative forum exists. See *Norex*, 416 F.3d at 157. The defendants have identified England as their alternative forum of choice.

"Ordinarily, a foreign forum will be adequate when the defendant is subject to the jurisdiction of that forum." *R. Maganlal & Co. v. M.G. Chem. Co., Inc.*, 942 F.2d 164, 167 (2d Cir. 1991). Here, it is undisputed by the Plaintiff's own allegations that Florida is an adequate alternative and that Plaintiff would be amenable for suit there. In the event that the case is not dismissed, or otherwise remains in this jurisdiction, there would be two (2) pending suits against the same parties in different forums – this is not in the interest of judicial economy or any of the parties involved in this matter.

### CONCLUSION

To require GBM and/or GUITIAN to defend this lawsuit in New York would not comport with well-established principles of fair play and substantial justice. As noted above, none of the parties to this action reside or conduct business in the State of New York. As such, it would be unduly burdensome and financially oppressive to these entities and individuals to defend this lawsuit in New York. It would be equally unfair and prejudicial to allow Plaintiff to obtain preferential treatment in applying the laws of the State of New York, as opposed to the State of Florida.

HOYOS & ASSOCIATES, LLC
1825 Ponce de Leon Boulevard, No. 238, Coral Gables, Florida 33134 (305) 338-7008

In addition, New York has no interest whatsoever in adjudicating this dispute. None of the Defendants are New York entities or residents. The alleged improper transactions occurred in the State of Florida. The works being sought by Plaintiff and/or in dispute were created in Florida.

Under this set of circumstances, an assertion of personal jurisdiction over GBM and/or GUITIAN would greatly offend and be contrary to long-standing principles of fair play and substantial justice. *See e.g., Powers v. The Ancillary Estate of Juan Roberto Brittingham-McLean*, 2004 WL 2599405 (Tex. App. November 17, 2004) (in suit arising from a Mexican probate proceeding, rendering a dismissal of to certain non-Texas resident defendants because the court's exercise of personal jurisdiction over them did not comport with traditional notions of fair play and substantial justice). Accordingly, the Complaint should be dismissed.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to: Gary Adelman, Esq., Barton, Barton, & Plotkin, LLP, *Attorneys for* Plaintiff, 420 Lexington Avenue, 18th Floor, New York, New York 10170; Barry I. Slotnick, Esq., Loeb & Loeb, LLP, *Attorneys for Defendant Universal Music Group Distribution Corp.*, 345 Park Avenue, New York, New York 10154.

SANDRA HOYOS, ESQ.
HOYOS & ASSOCIATES, LLC
*Attorneys for Defendants GBM and GUITIAN*
1825 Ponce de Leon Blvd., No. 238
Coral Gables, FL 33134
Tel: (786) 291-2440
Fax: (305) 774-7310

By: _____
SANDRA HOYOS, ESQ.
Fla. Bar No. 413800