Daniel Zohny (DZ7311)
ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK, P.C.
1345 Avenue of the Americas
31st Floor
New York, NY 10105
Tel: 212.603.6300
Fax: 212.956.2164
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE ORTIZ p/k/a JAO

          Plaintiff,

    -against-

GUITIAN BROTHERS MUSIC INC., OSCAR
GUITIAN, and UNIVERSAL MUSIC GROUP
DISTRIBUTION, INC.

          Defendant(s).
-----------------------------------------------------------------X

07 CV 3897
(RWS)

ECF CASE

### MEMORANDUM OF LAW ON BEHALF OF PLAINTIFF IN OPPOSITION TO DEFENDANT GUIITIAN BROTHERS MUSIC, INC. AND OSCAR GUITIAN'S MOTION TO DISMISS

### I. PRELIMINARY STATEMENT

Plaintiff Jose Ortiz p/k/a Jao (hereinafter "Plaintiff") by his counsel Robinson Brog Leinwand Greene Genovese & Gluck, P.C., respectfully submits this opposition to Defendant Guitian Brothers Music, Inc. and Oscar Guitian's (hereinafter collectively "Defendants"), motion to dismiss.

Defendants' in their motion contend that this action should be dismissed based on a lack personal and subject matter jurisdiction.

On a first note, Plaintiff requests that this motion be disregarded by the Court on the grounds that it was submitted during the pendency of a motion for default that was filed by Plaintiff on January 1, 2008 and on the grounds that Defendants brought this motion over eight (8) months after they had been served with the summons and verified complaint. Since the date of service the Defendants have not answered the complaint, have not provided discovery in any way and have been constantly stalling this action to move forward. The procedural history of this action is laid out in the Affidavit of Daniel Zohny, Esq. in Support of Plaintiff's Motion for Default, which is attached hereto as Exhibit "A."

## II. FACTUAL BACKGROUND

Plaintiff relies on the facts as more fully set forth in his complaint, attached hereto as Exhibit "B."

## III. ARGUMENT

### A. STANDARD OF REVIEW

The plaintiff bears the burden of establishing jurisdiction. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001). A plaintiff may carry this burden "by making a prima facie showing of jurisdiction." PowerDsine, Inc. v. Broadcom Corp., 2008 U.S. Dist. LEXIS 6907, through "affidavits and supporting materials." Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981), containing "an averment of facts that, if credited . . ., would suffice to establish jurisdiction over the defendant." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996); see also Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).

Where, as here, the issue is addressed on affidavits, "all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." A. I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993)

## B. PERSONAL JURISDICTION

In determining a motion to dismiss a complaint under Fed., R. Civ. P. 12(b)(2) for lack of personal jurisdiction, a federal court will first apply the law of the state where the court sits to determine if personal jurisdiction over a defendant exists. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). See also Chong v. Healthtronics, Inc. No. 06 Civ. 1287, 2007 U.S. Dist. LEXIS 45956, 2007 WL 1836831 (E.D.N.Y. June 20, 2007).

New York's long-arm statute, Section 302(a)1 of the New York Civil Practice Law and Rules ("CPLR"), provides in relevant part:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state . . .

N.Y. Civ. Prac. L. & R. § 302(a) (McKinney 1993) ("CPLR § 302(a)").

This very Court has previously held that offering one copy of an infringing work for sale in New York, even if there is no actual sale, constitutes commission of a tortious act within the state sufficient to imbue the Court with personal jurisdiction over the infringers. Citigroup v. City Holding Company, 97 F. Supp. 2d 549; 2000 U.S. Dist. LEXIS 7520.

In the case at bar there is a prima facie showing that Defendants have contracted to supply goods in this state and are thus subject to jurisdiction pursuant to the "contracts

anywhere" clause in CPLR 302(a)(1). Proof of one transaction is sufficient. See Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 198-99, 522 N.E.2d 40 (1988). Contracting with a distributor to distribute an infringing work in New York renders personal jurisdiction proper under this section. See Lipton v. Nature Co., 781 F. Supp. 1032, 1035-36 (S.D.N.Y. 1992); see also Business Trends Analysts v. Freedonia Group Inc., 650 F. Supp. at 1455 (shipping one copy into New York is sufficient).

Defendant Universal Music Group Distribution Corp. (hereinafter "Universal") in paragraphs 36 and 39 of its Answer to Plaintiff's verified complaint duly admitted that it distributed copies of the infringing DVD "Su Vida y la Calle." Furthermore, Plaintiff purchased a copy of the DVD in a retail store in the city of New York. See Affidavit of Plaintiff Jose Ortiz attached hereto as Exhibit "C." From this fact it can be inferred that Defendants have or at least have had, ties with a distributor, Universal, to supply the infringing DVD in New York.

Therefore Defendants offered a copy of the infringing DVD for sale in New York and are subject to personal jurisdiction in this Court.

### C. SUBJECT MATTER JURISDICTION

Subject Matter Jurisdiction is defined as a courts jurisdiction over the nature of the case and the type of relief sought. See Black's Law Dictionary (8th Edition, 2004). As stated in the complaint, this action pertains to claims for copyright infringement, unfair competition and quasi contract unjust enrichment.

The statutory provisions conferring subject-matter jurisdiction for the claims of this action are clear.

Under 28 U.S.C. §§ 1331, 1338(a), this court has jurisdiction over actions arising under Acts of Congress relating to copyrights. Generally, a cause of action arises under the law that creates the cause of action. See American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257 (1912).

In the case at bar the Plaintiff's first cause of action for copyright infringement is created by the Federal Copyright Act of 1976, 17 U.S.C. §101 et seq. and therefore arises under federal law.

Furthermore, this court has original jurisdiction over Plaintiff's claim for unfair competition under 28 U.S.C. §1338(b), as this claim is related to Plaintiff's copyright infringement claim.

Lastly, this court has supplemental jurisdiction over Plaintiff's third cause of action for quasi contract unjust enrichment under 28 U.S.C. 1367(a) as this claim is related to the claims for copyright and unfair competition in this action to the extent that the claims form part of the same case or controversy. The claim for quasi-contract unjust enrichment arose from the same transaction and under the same circumstances as Plaintiff's claims for copyright infringement and unfair competition.

Therefore, this court undoubtedly has jurisdiction over the subject matter of this action.

### D. FORUM NON CONVENIENS

There is ordinarily a strong presumption in favor of plaintiff's choice of forum. That choice will not be overcome unless the relevant private and public interest factors weigh heavily in favor of trial in the alternative forum. See Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981). In *Koster*, the Court indicated that a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum. Koster v. (American) Lumbermens Mut. Casualty Co., 330 U.S. 518 (1947). When the home forum has been chosen, it is reasonable to assume that this choice is convenient.

In lieu of the fact that Plaintiff is a resident of the State of New York and that a tortuous act that infringed upon his copyright took place in New York, Defendants' argument of forum non conveniens is clearly without merit. Plaintiff's choice of his home forum should be sustained.

### E. COSTS OF THE OPPOSITION

Plaintiff should be awarded the costs of this opposition to Defendants' motion to dismiss. Plaintiff's counsel had personally advised Defendants' counsel of Plaintiff's position that the Motion to Dismiss was without merit due to the law on personal jurisdiction in this Court. Furthermore, Plaintiff's counsel had provided Defendants' counsel with case law in that regard and had expressed his conviction that, in light of the law in this jurisdiction, another attempt of filing the Motion to Dismiss would not only be unnecessary, but against judicial economy and therefore frivolous. The emails sent to Defendants' counsel on February 6, 2008 are attached as Exhibit "D" enclosed herein. Motion practice could have been avoided had Defendants abstained from unnecessarily refiling their motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint should be denied, and Plaintiff should be awarded the costs of the opposition to this motion and such further relief as the courts deems just and proper.

Dated: New York, New York
      February 28, 2008

                                      Respectfully submitted,

                                      ROBINSON BROG LEINWAND GREENE
                                      GENOVESE & GLUCK, P.C.

                              By: _____
                                      Daniel Zohny (DZ7311)
                                      *Attorneys for the Plaintiff*
                                      1345 Avenue of the Americas
                                      31st Floor
                                      New York, NY 10105
                                      Tel: 212.603.6300
                                      Fax: 212.956.2164

To:
Barry I. Slotnick
Loeb & Loeb LLP
*Attorneys for Defendant*
*Universal Music Group Distribution, Corp.*
345 Park Avenue
New York, NY 10154
Tel.:(212) 407-4000

Sandra Hoyos
Hoyos and Associates
*Attorneys for Defendants*
*Guitian Brothers Music, Inc.*
*Oscar Guitian*
1325 Ponce de Leon Boulevard, No. 238
Coral Gables, FL 33134