# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE ORTIZ p/k/a JAO                           07 Civ. 3987 (RWS)

                                 Plaintiff,    **AFFIDAVIT IN SUPPORT OF**
                                               **MOTION FOR DEFAULT**
      -against-                           **JUDGMENT**

GUITIAN BROTHERS MUSIC, INC., OSCAR
GUITIAN, and UNIVERSAL MUSIC GROUP
DISTRIBUTION, INC.

                                Defendant(s).
------------------------------------------------------------X

STATE OF NEW YORK   )
                              )   ss.:
COUNTY OF NEW YORK )

      Daniel Zohny, being duly sworn, deposes and says:

      1.     I am a member of the Bar of this Court and am associated with the firm of Robinson Brog Leinwand Greene Genovese & Gluck, P.C., attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

      2.     I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Rules for the Southern District of New York, in support of plaintiff Jao Ortiz p/k/a Jao's ("Plaintiff") application for the entry of a default judgment against defendants Guitian Brothers Music, Inc. and Oscar Guitian (collectively "Defendants").

      3.     This is an action to recover damages owed by Defendants to Plaintiff for breach of contract and copyright infringement.

      4.     Jurisdiction of the subject matter is based on 28 U.S.C. §§ 1331, 1338(a), as it is an action arising under Acts of Congress relating to copyrights, namely, the Federal Copyright Act of 1976, 17 U.S.C. §101 et seq.

{00372485.DOC;1}

5. This action was commenced on May 18, 2007 by the filing of the summons and complaint.

6. A copy of the summons and complaint was served on defendant Oscar Guitian on May 29, 2007 by personal service on Alex Lopez, and by mailing a copy of the summons and complaint to Oscar Guitians residence.

7. A copy of the summons and complaint were served on the defendant Guitian Brothers Music, Inc. on May 30, 2007 through the Secretary of the State of New York.

8. Proof of service regarding both of the defendants was filed with the Court on June 14, 2007.

9. Defendants have not answered the complaint and the time for Defendants to answer the complaint has expired.

10. Defendants sent to Plaintiff via regular mail a Motion to Dismiss the complaint. However, the Motion was never served on Plaintiff and furthermore, was filed improperly with the court.

11. The filing of the Motion was rejected by the court on August 11, 2007. See Exhibit "A," attached hereto. The court further directed the Defendants to re-file the motion via the Electronic Court Filing system ("ECF").

12. As of the day of this affidavit, Defendants did not re-file and/or reserve their motion to dismiss.

13. Since August 2007, I have attempted to contact Defendants' counsel Sandra S. Hoyos numerous times via email, telephone, fax and regular mail.

{00372485.DOC;1}

14. Our firmed served discovery requests on Defendants on November 14, 2007. The requests were never responded to. See Exhibit "B," attached hereto.

15. By letters dated December 28, 2007 and January 7, 2008 we undertook good faith efforts to resolve the disconnect with Defendants counsel. See Exhibit "C," attached hereto.

16. On January 22, 2008, Defendants counsel sent a letter to our firm. In this letter counsel objected to the contention that there was no cooperation from Defendants whatsoever. Counsel stated that Defendants would respond to Plaintiff's discovery requests and that the Motion to Dismiss would be filed and re-served via the ECF system. See Exhibit "D," attached hereto. None of the above has occurred as of the day of this Affidavit.

17. I again tried to contact Defendants counsel on January 23, 2007 via telephone. Due to the fact that counsel was not reachable, I left a message.

18. On January 24, 2007, as I was out of the office, Defendants' counsel left a voicemail with a request for a call back. I returned Ms. Hoyos' call in afternoon of the same day. However, as I was informed by her staff, she was not available. I requested that she please call me back. I have not received any further communication from her since that date.

19. As demonstrated above, Defendants not only failed to answer the complaint in this action, they also failed to respond to Plaintiff's discovery requests and, apart from their counsels letter dated January 22, 2008, ignored any of our attempts to resolve the communication issues that exist between Plaintiff and the Defendants.

{00372485.DOC;1}

20.    WHEREFORE, plaintiff respectfully requests his motion for entry of a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure awarding the plaintiff a permanent Injunction, monetary damages in an amount to be determined by the Court, costs and disbursement, including reasonable attorneys' fees, in an amount to be determined by the Court, and for such other and further relief as the Court deems just and proper the be granted.

Dated: New York, New York

1/31/08

Daniel Zohny

Sworn to before me this 31
Day of January, 2008.

Notary Public

Marc Andrew Lavaia
Notary Public, State of New York
No. 31-02LA6072899
Qualified in New York County
Commission Expires April 15, 2010