# EXHIBIT "B"



# Copyright
United States Copyright Office

# Copyright Registration for Sound Recordings

## What Is a Sound Recording?

The copyright code of the United States (title 17 of the *United States Code*) provides for copyright protection in sound recordings. Sound recordings are defined in the law as "works that result from the fixation of a series of musical, spoken, or other sounds, but not including the sounds accompanying a motion picture or other audiovisual work." Common examples include recordings of music, drama, or lectures.

Copyright in a sound recording protects the particular series of sounds "fixed" (embodied in a recording) against unauthorized reproduction and revision, unauthorized distribution of phonorecords containing those sounds, and certain unauthorized performances by means of a digital audio transmission. The Digital Performance Right in Sound Recordings Act of 1995, P.L. 104-39, effective February 1, 1996, created a new limited performance right for certain digital transmissions of sound recordings.

Generally, copyright protection extends to two elements in a sound recording: (1) the contribution of the performer(s) whose performance is captured and (2) the contribution of the person or persons responsible for capturing and processing the sounds to make the final recording.

A sound recording is not the same as a *phonorecord*. A phonorecord is the physical object in which works of authorship are embodied. Throughout this circular the word "phonorecord" includes cassette tapes, CDs, LPs, 45 r.p.m. discs, as well as other formats.

**NOTE:** Sound recordings fixed before February 15, 1972, were generally protected by common law or in some cases by statutes enacted in certain states but were not protected by federal copyright law. In 1971 Congress amended the copyright code to provide copyright protection for sound recordings fixed and first published with the statutory copyright notice on or after February 15, 1972. The 1976 Copyright Act, effective January 1, 1978, provides federal copyright protection for unpublished and published sound recordings fixed on or after February 15, 1972. Any rights or remedies under state law for sound recordings fixed before February 15, 1972, are not annulled or limited by the 1976 Copyright Act until February 15, 2047.

Under the Uruguay Round Agreements Act, effective January 1, 1996, copyright was restored for certain unpublished foreign sound recordings fixed before February 15, 1972, and for certain foreign sound recordings originally published without notice. For further information, request Circular 38B, *Highlights of Copyright Amendments Contained in the Uruguay Round Agreements Act (URAA)*.

## General Information

### Copyright Protection Is Automatic

Under the 1976 Copyright Act, which became effective January 1, 1978, a work is automatically protected by copyright when it is created. A work is created when it is "fixed" in a copy or phonorecord for the first time. Neither registration in the Copyright Office nor publication is required for copyright protection under the present law.

### Advantages to Copyright Registration

There are, however, certain advantages to registration, including the establishment of a public record of the copyright claim. Except for certain foreign works, copyright registration must generally be made before an infringement suit may be brought. Timely registration may also provide a broader range of remedies for an infringement of copyright.

### Publication

Publication as defined by the 1976 Copyright Act is the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display constitutes publication. A public performance or display of a work does not of itself constitute publication.

"To the public" generally means to persons under no explicit or implicit restrictions with respect to disclosure. The following acts do *not* constitute publication: performing the work, preparing copies or phonorecords, or sending the work to the Copyright Office.

The above definition of publication applies *only* to works governed by the 1976 Copyright Act, which took effect January 1, 1978. For information about works published prior to 1978, call the Copyright Office at (202) 707-3000. Recorded information is available 24 hours a day, 7 days a week. Staff members are on duty from 8:30 AM to 5:00 PM, eastern time, Monday through Friday, except federal holidays. The TTY number is (202) 707-6737.

## Registration Procedures

If you choose to register a claim in your work, send the following three elements together in the same envelope:

1   A properly completed application form;

2   A nonreturnable deposit of the work to be registered; and

3   A nonrefundable filing fee* in the form of a check or money order payable to *Register of Copyrights* with each application. Send the items to:

*Library of Congress*
*Copyright Office*
*101 Independence Avenue SE*
*Washington, DC 20559-6000*

**\*NOTE:** Copyright Office fees are subject to change. For current fees, please check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000.

## Choosing the Appropriate Form

Copyright registration for a sound recording alone is neither the same as, nor a substitute for, registration for the musical, dramatic, or literary work recorded. The underlying work may be registered in its own right apart from any recording of the performance, or in certain cases, the underlying work may be registered together with the sound recording.

### When to Use Form SR

Use Form SR for registration of published or unpublished sound recordings, that is, for registration of the particular sounds or recorded performance.

Form SR must also be used if you wish to make one registration for *both* the sound recording *and* the underlying work (the musical composition, dramatic, or literary work). You may make a single registration *only* if the copyright claimant is the same for both the sound recording and the underlying work. In this case, the authorship statement in space 2 should specify that the claim covers both works.

Form SR is also the appropriate form for registration of a multimedia kit that combines two or more kinds of authorship including a sound recording (such as a kit containing a book and an audiocassette).

### When to Use Form PA

For registration purposes, musical compositions and dramatic works that are recorded on discs or cassettes are works of the performing arts and should be registered on Form PA or Short Form PA. Therefore, if you wish to register only the underlying work that is a musical composition or dramatic work, use Form PA even though you may send a disc or cassette for your deposit. For information on Short Form PA, see SL-7, *Short Forms Available*.

**NOTE:** *Sounds accompanying a motion picture or other audiovisual work* should *not* be registered on Form SR. The copyright law does not define these sounds as "sound recordings" but as an integral part of the motion picture or audiovisual work in which they are incorporated. These sounds are classified as works of the performing arts and should be registered on Form PA.

### Examples of the Proper Use of Forms PA and SR

Jane Smith composes words and music, which she entitles "Blowing in the Breeze." Even though she records it, she is not interested in registering the particular recording but only in registering the composition itself. If she decides to submit "Blowing in the Breeze" for copyright registration, she should use Form PA.

Emily Tree performs and records Jane Smith's "Blowing in the Breeze" after complying with permissions and license procedures. If Emily decides to submit her recording for copyright registration, she should use Form SR.

The same principles apply to literary and dramatic works. A recorded performance of an actor speaking lines from "Hamlet" could be registered on Form SR as a sound recording. The claimant in the sound recording, of course, has no copyright in the underlying work, "Hamlet."

### How to Complete Form SR

Instructions for completing each space of the application accompany the form. Nevertheless, registration is often delayed because of mistakes or omissions in filling out the form. The following points should be helpful.

**Space 1: Title.** Give the title of the work exactly as it appears on the phonorecord.

Two or more *unpublished* works registered as a collection must be given a single *collection title*. The individual titles may be given in space 1 following the collection title or on a Continuation Sheet. For more information on unpublished collections, see page 5 in this circular or request Circular 50, *Copyright Registration for Musical Compositions*.

**Space 2: Name of Author.** The author of a sound recording is the performer(s) or record producer or both. If the work is "made for hire" as defined below, the *employer* is considered to be the author and should be named in space 2.

**A "work made for hire" is:**
1  a work prepared by an employee within the scope of his or her employment, *or*

2  a work of a type specified in the law which has been specially ordered or commissioned, where there is an express written agreement signed by both parties that the work shall be considered a "work made for hire."

Generally speaking, for a new sound recording to be a work made for hire, it must be made by an employee within his or her scope of employment. For more information on works made for hire, see Circular 9, *Works Made for Hire Under the 1976 Copyright Act*.

**NOTE:** A sound recording is *not* one of the types of works affected by clause (2) of the definition of "work made for hire" unless it constitutes a supplementary work, collective work, or compilation.

Check "yes" to the "work made for hire" question *only* if the conditions for "work made for hire" have been met, and name the employer as the author in space 2.

**Nature of Authorship:** *Do not leave this space blank; it must be completed.* Sound recording authorship is the performance, sound production, or both, that is fixed in the recording deposited for registration. Describe this authorship in space 2 as "sound recording." Space 2 of Form SR must specifically refer to the sound recording authorship in order for this authorship to be included in the registration.

If the claim also covers the underlying work(s), include the appropriate authorship terms for each author, for example, "words," "music," "arrangement of music," or "text." For the claim to cover both the sound recording and the underlying work(s), every author should have contributed to both the sound recording *and* the underlying work(s).

If the claim includes artwork or photographs, include the appropriate term in the statement of authorship.

**Space 3: Creation.** The year of creation of a sound recording is the year in which the sounds are fixed in a phonorecord for the first time. If the claim extends only to the compilation of preexisting sound recordings, give the year in which the *compilation* was fixed. *The year of creation must always be given.*

**Publication:** If publication has not taken place, *leave this part of space 3 blank*. If the work for which registration is sought has been published, give the month, day, and year and nation where the phonorecords were first published.

**Space 4: Copyright Claimant(s).** The *name* and *address* of the *copyright claimant(s) must be given*. The copyright claimant is either the author or a person or organization to whom the author has transferred *all* of the rights in the United States copyright. When the claimant named is *not* the author, a

brief *transfer* statement is required at space 4 to show how the claimant acquired the copyright. Examples of generally acceptable statements include: "by written agreement"; "assignment"; "written contract"; and "by will." Do not attach copies of documents of copyright transfer to the application. For information on how to record transfers or other documents pertaining to a copyright, see Circular 12, *Recordation of Transfers and Other Documents*.

When the name of the claimant is not the name of the author given at space 2 but the two names identify one person, the relationship between the names should be explained at space 4. Examples are: "Doe Recording Company, solely owned by John Doe" or "John Doe doing business as Doe Recording Company."

**Space 5: Previous Registrations.** If no *previous registration* has been made, answer the first question "no" and leave the rest of space 5 blank.

The first question should be answered "yes" *only* if a previous registration for this work or another version of it was completed and a certificate of copyright registration issued. If this is the case, check the appropriate box to show why another registration is sought *and* give the requested information about the previous registration.

**Space 6: Derivative Works.** A derivative sound recording is one which incorporates some preexisting sounds—sounds which were previously registered, previously published, or which were fixed before February 15, 1972. Registration for a derivative work must be based on the new authorship that has been added. When a work contains preexisting sounds, space 6 of the application must contain brief, general descriptions of both the preexisting material (space 6a) and the added material (space 6b).

*For example*, Fine Sounds Corporation issues a CD-album containing 10 selections, 2 of which were published last month as singles. On the application for registration of the sounds on the album, the following statement might be given in space 6a: "sounds for tracks 1 and 3, previously published." The new material might be described in space 6b as "sounds for 8 tracks" or "sounds for 8 selections."

## Appropriate Form for Copyright Registration of Domestic Works

| The work being registered | Form | How to describe the authorship in space 2 "Nature of Authorship" | What should be deposited Published in the United States | What should be deposited Unpublished |
|---|---|---|---|---|
| Author creates a song, recorded by independent group; can claim copyright in the song | PA | Music and words *or* music | 1 phonorecord (disc, if published in disc form) | 1 complete phonorecord (usually disc or cassette) |
| Vocalist and band perform and record musical work; can claim copyright in the recorded performance only | SR | Sound recording | 2 complete phonorecords (discs, if published in disc form) | 1 complete phonorecord |
| Author creates music and performs it, recording the performance; can claim copyright both in the music and the recording | SR | Music and sound recording *or* music, words, and sound recording | 2 complete phonorecords (discs, if published in disc form) | 1 complete phonorecord |
| Author writes a play and records it, but can claim copyright only in the play itself, not in recorded performance | PA | Script | 1 complete phonorecord (disc, if published in disc form) | 1 complete phonorecord |
| Author writes poem or narrative and records it, can claim copyright both in text and in recorded performance | SR | Text and sound recording | 2 complete phonorecords (discs, if published in disc form) | 1 complete phonorecord |
| Author creates musical composition in machine-readable copy (e.g., computer floppy disc) and can claim copyright in only musical composition | PA | Music *or* music and words | Transcription of entire work in score or on audio cassette | Transcription of entire work in score or on audio cassette |
| Author creates musical composition in machine-readable copy (e.g., computer floppy disc) and can claim copyright in both composition and performance | SR | Music and sound recording *or* music, words, and sound recording | Reproduction of entire work on audio cassette | Reproduction of entire work on audio cassette |
| Author creates musical composition on CD-ROM and can claim copyright in both music and sound recording | SR | Music and sound recording | 1 complete CD-ROM package | 1 complete CD-ROM package |

**Points to note:** *Do not leave Space 2 blank. Do not use "entire work" to describe "nature of authorship." Deposit the "best edition" of a published work.*

In cases where the preexisting sounds themselves have been altered or changed in character, space 6b should be used to describe in more precise terms the engineering techniques involved. For example, Educational Records, Inc., remixes the original tracks of a previously released recording of a Beethoven symphony. Space 6a should identify the preexisting material as "sounds previously published." Space 6b might indicate "remixed from multitrack sound sources" or "remixed sounds." This new material must result from creative new authorship rather than mere mechanical processes; if only a few slight variations or purely mechanical changes (such as declicking or remastering) have been made, registration is not possible.

**Compilation of Sound Recordings:** A "compilation" is a work formed by the collecting and assembling of preexisting materials that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.

When an author contributes a certain minimum amount of authorship in the selection and ordering of *preexisting* sound recordings, the author produces a copyrightable compilation. The copyright in the compilation of recordings is separate and distinct from copyright (if any) in the recordings themselves. It extends *only* to the selection and ordering of the recordings on the disc or tape.

Fill out part b of space 6. Describe the new material as "compilation of sound recordings." In space 2, use the same statement to describe the nature of the author's contribution. *For example:* Oldies Record Company has chosen the greatest hits of the big bands recorded in the thirties and forties and published them in a boxed set of discs. The authorship involved in choosing the bands, selecting their "greatest hits," selecting the particular recordings, and ordering them on the discs may be registered as a compilation, even though the recordings themselves are not protected by the federal copyright code because they were fixed prior to February 15, 1972.

**Space 8: Certifications.** The application must bear an *original signature* and be *dated*. Stamped signatures are not acceptable. For a published work, the application must be certified on or after the date of publication. Please type or print neatly using black ink. The form is used to produce the certificate.

## Registration of Unpublished Collections

For registration purposes, a sound recording is a single work. It may be possible to include a claim in the sound recording along with a claim in a group of unpublished recorded musical works as a single collection, provided the conditions discussed below are met.

As a general rule, a number of unpublished musical works may be grouped together and registered as a single collection with one application *only if the author(s) and the copyright owner(s) are the same for every work*. For the registration to cover the sound recording as well, this same condition must apply to both the musical works and the sound recording.

*For example:* Al and Sue co-wrote eight songs and performed and recorded them on tape. Because they co-authored all of the songs and the sound recording, they may register all of these elements on one application using Form SR. Space 2 should name both individuals as authors and describe the authorship of each as "lyrics, music, and sound recording." Space 4 should name both of them as claimants.

The application should identify the collection by giving a single collection title in space 1. The individual titles may be given in the space provided for alternative titles. Although the individual selections are covered by the registration, only the collection title is indexed in the catalog of copyright registrations. Individual titles will appear in the Copyright Office records only if each work is registered separately or if an application for supplementary registration is submitted to specify the individual titles in a collection. An application for supplementary registration may not be submitted until a certificate of registration has been issued for the collection. For more information on supplementary registration, see Circular 8, *Supplementary Copyright Registration*, and application Form CA.

If the authorship and ownership are not the same for each of the musical works, the works must either be registered individually or grouped into two or more collections, each of which meets the unpublished collection requirements. If the requirements have been met for the musical works but not for the sound recording, the sound recording must be registered separately, though both registrations can be filed together using the same disc or tape as the deposit. For further information, request Circular 50, *Copyright Registration for Musical Compositions*.

## Deposit Requirements

To register a copyright claim in a sound recording, the deposit requirement is either one or two phonorecords. The number and format required depend upon several factors.

- If unpublished, deposit one phonorecord (tape or disc). Be sure to label it with the title(s). If it is a collection, give the collection title on the label.

- If first published in the United States *on or after January 1, 1978*, deposit two complete phonorecords of the best edition together with any material, such as record sleeves and jackets, published with the phonorecords.

- If first published in the United States *before January 1, 1978*, deposit two complete phonorecords of the work as first published.

- If first published outside the United States *before March 1, 1989*, deposit one complete phonorecord of the work as first published.

- If first published outside the United States *after March 1, 1989*, deposit one complete phonorecord of either the first published edition or the best edition of the work.

*Deposits cannot be returned.*

### "Best Edition" Requirements

If the sound recording has been published in only one edition, send two phonorecords of that edition.

If it has been published in more than one edition, the "best edition" in descending order of suitability is: (1) a compact digital disc rather than a vinyl disc; (2) a vinyl disc rather than a tape; (3) an open-reel tape rather than a cartridge; and (4) a cartridge rather than a cassette.

## Notice of Copyright for Sound Recordings

Before March 1, 1989, the use of copyright notice was mandatory on all published works, and any work first published before that date should have carried a notice. For works first published on and after March 1, 1989, use of the copyright notice is optional. For more information about copyright notice, see Circular 3, *Copyright Notice*.

## Mandatory Deposit for Works Published in the United States

Although a copyright registration is not required, the 1976 Copyright Act establishes a mandatory deposit requirement for works published in the United States. In general, the owner of copyright or the owner of the exclusive right of publication in the work has a legal obligation to deposit in the Copyright Office within 3 months of publication in the United States *two* complete phonorecords of the best edition. It is the responsibility of the owner of copyright or the owner of the right of first publication in the work to fulfill this mandatory deposit requirement. Failure to make the deposit can result in fines and other penalties but does not affect copyright protection.

A "complete phonorecord" in the case of a sound recording includes a phonorecord together with any material published with such phonorecord such as textual or pictorial matter appearing on the album cover or embodied in inserts in the container.

Certain categories of works are entirely exempt from the mandatory deposit requirements, and the obligation is reduced for certain other categories. For further information, see Circular 7D, *Mandatory Deposit of Copies or Phonorecords for the Library of Congress*.

### Use of Mandatory Deposit to Satisfy Registration Requirements

The 1976 Copyright Act establishes the conditions under which the same deposit of phonorecords will satisfy the deposit requirements for the Library of Congress and for copyright registration. The phonorecords should be sent to the Copyright Office *accompanied* by an *application* for copyright registration and the correct fee* all together in the same mailing package.

The mandatory deposit requirement also applies to sound recordings first published abroad that are later published in this country by the distribution of phonorecords that either are imported or are issued as an American edition. Once the sound recording is registered, the mandatory deposit requirement has been satisfied.

**\*NOTE:** Copyright Office fees are subject to change. For current fees, please check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000.

## Effective Date of Registration

*A copyright registration is effective on the date the Copyright Office receives all the required elements in acceptable form*, regardless of how long it then takes to process the application and mail the certificate of registration. The time the Copyright Office requires to process an application varies, depending on the amount of material the Office is receiving.

If you apply for copyright registration, you will not receive an acknowledgment that your application has been received (the Office receives more than 600,000 applications annually), but you can expect:

- a letter or a telephone call from a Copyright Office staff member if further information is needed or

- a certificate of registration indicating that the work has been registered, or if the application cannot be accepted, a letter explaining why it has been rejected.

Requests to have certificates available for pickup in the Copyright Office or to have certificates sent by Federal Express or another mail service cannot be honored.

If you want to know the date that the Copyright Office receives your material, send it by registered or certified mail and request a return receipt.

## For Further Information

### Information via the Internet
Circulars, announcements, regulations, other related materials, and all copyright application forms are available from the Copyright Office website at *www.copyright.gov*.

### Information by telephone
For general information about copyright, call the Copyright Public Information Office at (202) 707-3000. The TTY number is (202) 707-6737. Staff members are on duty from 8:30 AM to 5:00 PM, eastern time, Monday through Friday, except federal holidays. Recorded information is available 24 hours a day. Or, if you know which application forms and circulars you want, request them 24 hours a day from the Forms and Publications Hotline at (202) 707-9100. Leave a recorded message.

### Information by regular mail
Write to:

> Library of Congress
> Copyright Office
> Publications Section
> 101 Independence Avenue SE
> Washington, DC 20559-6000

For a list of other material published by the Copyright Office, request Circular 2, *Publications on Copyright*.

The Copyright Public Information Office is open to the public 8:30 AM to 5:00 PM, Monday through Friday, eastern time, except federal holidays. The office is located in the Library of Congress, James Madison Memorial Building, at 101 Independence Avenue SE, Washington, DC, near the Capitol South Metro stop. Staff members are available to answer questions, provide circulars, and accept applications for registration. Access for disabled individuals is at both the front door on Independence Avenue and the rear door on C Street.

The Copyright Office is not permitted to give legal advice. If information or guidance is needed on matters such as disputes over the ownership of a copyright, suits against possible infringers, the procedure for getting a work published, or the method of obtaining royalty payments, it may be necessary to consult an attorney.

U.S. Copyright Office · Library of Congress · 101 Independence Avenue SE · Washington, DC 20559-6000 · www.copyright.gov

CIRCULAR 56   REV: 07/2006   PRINT: 07/2006—xx,000   Printed on recycled paper             U.S. GOVERNMENT PRINTING OFFICE: 2006-XXX-XXX/6x,xxx