Daniel Zohny (DZ7311)
ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK, P.C.
1345 Avenue of the Americas
31st Floor
New York, NY 10105
Tel: 212.603.6300
Fax: 212.956.2164
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE ORTIZ p/k/a JAO

                                                                    Plaintiff,        07 CV 3897
                                                                              (RWS)
             -against-

                                                                                      **ECF CASE**
GUITIAN BROTHERS MUSIC INC., OSCAR
GUITIAN, and UNIVERSAL MUSIC GROUP
DISTRIBUTION, INC.

                                                                 Defendant(s).
-----------------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

{00391726.DOC;1}

## PRELIMINARY STATEMENT

Plaintiff's action is for copyright infringement of thirteen (13) the musical compositions (the "Compositions") that he authored in 2003 and which were used as the musical score (the "Score") for the motion picture "Su Vida y la Calle" (the "Motion Picture") without his permission. Plaintiff registered his copyrights in the Compositions with the United States Copyright Office. His ownership rights in the musical compositions were never disputed by the Defendants of this proceeding. There is no controversy as to ownership of the copyrights in the Compositions and therefore Defendant Universal's ("Universal") argument that Plaintiff's claim is actually one of ownership and is time barred under the Copyright Act's three (3) year statute of Limitations is without merit. It appears that Universal with its Motion attempts top distract from the real issues at bar, i.e. its infringement of Plaintiff's copyrights in the Compositions.

## STATEMENT OF FACTS

Plaintiff concurs with the factual background laid out by Universal in its Memorandum of Law in Support of its Summary Judgment Motion (the "Memorandum") for purposes of this Motion only.

Notwithstanding the foregoing, Plaintiff clarifies that it submitted a copyright registration application to the United States Copyright Office for the Compositions underlying the thirteen (13) tracks that constitute the Score. The Copyright Office, on August 3, 2005, issued a copyright registration for the musical compositions in Plaintiff's name, Registration No. PA-1-289-403. See Affidavit of Jose Ortiz, Exhibit "A."

Plaintiff's copyright ownership in the Compositions was at no time disputed by Universal or the other Defendants in this action.

## Point I
## THE SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *e.g., Winter v. U.S.*, 196 F.3d 339, 346 (2d Cir. 1999). When examining the evidence, the Court should resolve all factual ambiguities and grant all inferences in favor of the non-moving party. *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). The evidence should be construed liberally in favor of the party opposing the motion. *See, e.g., Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

"If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." *Id.* at 82-83; *see, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-moving party need offer only enough evidence to enable a reasonable jury to return a verdict in its favor. *See id.*

## Point II
## PLAINTIFF'S CLAIMS ARE NOT TIME BARRED BY THE COPYRIGHT ACT'S THREE YEAR STATUTE OF LIMITATIONS[1]

Universal's contention that the true issue of this action is not one of copyright infringement, but one of copyright ownership and that Plaintiff's action should be considered time barred due to the Copyright Act's Statute of Limitations and therefore dismissed is not convincing.

---

[1] As already pointed out by Universal in its Motion for Summary Judgment, "Count III" in Plaintiff's complaint, for "Quasi Contract Unjust Enrichment" is asserted solely against Defendants Guitian Brothers Music, Inc. and Oscar Guitian, not against Universal. It is therefore not the subject of Universal's motion.

Universal, together with Defendant Guitian Brothers Music, Inc., claims copyright ownership in the Motion Picture. Further, Universal, in order to construe a non-existent bar of the action under the Copyright Act's three (3) year statute of limitations provision, 17 U.S.C. § 507(b), in the instant motion is attempting to convert the action at hand into a non-existent dispute about the ownership of the copyrights in the Motion Picture.

However, the subject matter of this action is the infringement of Plaintiff's undisputed copyrights in thirteen (13) musical compositions underlying the Motions Picture's Score. It is clearly not a debate about the ownership in the rights to the Motion Picture.

The Copyright Office on August 3, 2005 issued a copyright registration for the musical compositions in Plaintiff's name, Registration No. PA-1-289-403. This registration is prima facie evidence of Plaintiff's ownership in the musical compositions and was never contested by Universal.

17 U.S.C. § 410(c) provides:

In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate. [...]

Here, the requisites of §410(c) are met, because Plaintiff registered his copyright in August, 2008, i.e. less than two (2) years after the creation of the Compositions. Thus, the burden rests on Defendant Universal to prove the invalidity of plaintiff's copyright. See *Oboler v. Goldin*, 714 F.2d 211 (2d Cir. 1983); *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir. 1985).

Universal has not effectively challenged Plaintiff's copyright in the Compositions. It has in no way demonstrated that there is a genuine issue as to the validity of Plaintiff's copyright ownership in his works.

The analysis provided by Universal in its Motion for Summary Judgment with respect to the parties' respective copyrights, fails to take into account the fact that the copyright law distinguishes between copyrights in, for example, sound recordings or derivative and collective works, and the copyrights in an underlying work, for example, musical compositions.

The relationship between these distinct works and the modalities registering them is well explained in publications of the Copyright Office.

A musical composition consists of music, including any accompanying words, and is normally registered as a work of performing arts. The author of a musical composition is generally the composer and the lyricist, if any. See *United States Copyright Office, Circular 56A 0706*, attached as Exhibit "A" to the accompanying declaration of Daniel Zohny, Esq.

A Sound Recording results from the fixation of a series of musical, spoken, or other sounds. The author of a sound recording is the performer(s) whose performance is fixed, or the record producer who processes the sounds and fixes them in the final recording, or both. Copyright in a sound recording is not the same as, or a substitute for, copyright in the underlying musical composition. Although they are separate works, a musical composition and a sound recording may be registered together on a single application if ownership of the copyrights in both is exactly the same. To register a single claim in both works, a copyright claimant is t use the Copyright Office's Form SR. See *United States Copyright Office, Circular 56. 0706*, attached as Exhibit "A" to the accompanying declaration of Daniel Zohny, Esq.

Sounds accompanying a motion picture or other audiovisual work however are not defined as "sound recordings" by the copyright law, but as an integral part of the motion picture or audiovisual work in which they are incorporated. These sounds are classified as works of the performing arts and are be registered differently, i.e. by submission of a Form PA. See *United*

*States Copyright Office, Circular 56.0706, pg. 3*, attached as Exhibit "B" to the accompanying declaration of Daniel Zohny, Esq.

The aforementioned sounds are an integral part of the motion picture, but, just like sound recordings, distinct from the underlying musical composition.

By relying on the registration of the copyright in the Motion Picture, Registration Certificate No. PA 1-216-943 as a vessel to support its statute of limitations defense, Universal erroneously suggests that its Registration encompasses the musical compositions underlying the Score of the Motion Picture. The faultiness of its position is not only demonstrated by the arguments presented above, but also becomes apparent when one scrutinizes Universal's Registration Certificate, No. PA 1-216-943.

In the action at bar the Motion Picture is a derivative work that incorporates pre-existing musical compositions into the Motion Picture. Similarly to the distinction between sound recordings and the underlying musical compositions, there is a distinction between works such as motion pictures, and preexisting works such as the musical compositions underlying the score of the derivative work, the motion picture.

The official instructions for the Copyright Office's form PA for a work of the performing arts ("Form PA") pay heed to this distinction and read as follows:

> Complete space 6 if this work is a [...] "derivative work," and if it incorporates one or more earlier works that have already been published or registered for copyright [...]. A "compilation" is defined as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." A "derivative work" is "a work based on one or more preexisting works." Examples of derivative works include musical arrangements, dramatizations, translations, abridgments, condensations, motion picture versions, or "any other form in which a work may be recast, transformed, or adapted." [...]

> Preexisting Material (space 6a): Complete this space and space 6b for derivative works. In this space identify the preexisting work that has been recast, transformed, or adapted. [...]
> Material Added to This Work (space 6b): Give a brief, general statement of the additional new material covered by the copyright claim for which registration is sought. In the case of a derivative work, identify this new material. Examples: "Arrangement for piano and orchestra"; "Dramatization for television"; "New film version"; "Revisions throughout; Act III completely new." [...]

*See Instructions to United States Copyright Office, Form PA*, attached as Exhibit "C" to the accompanying declaration of Daniel Zohny, Esq.

In light of these instructions and clarifications and the claims made by Defendants in their Registration Certificate No. PA 1-216-943, it is apparent that Defendants do not claim copyrights ownership in the Compositions underlying the Score. Defendants merely claim the copyright in the entire cinematographic work, i.e. the Motion Picture derivative work and not the pre-existing musical works. In space 6(a) of the Certificate the Defendants identified the preexisting material to be Words & Music, i.e. they admit that there are pre-existing musical works that were used in the Motion Picture. Among these musical works are m Plaintiff's Compositions. Further, in space 6(b) Defendants identify the additional new material covered by their copyright claim as: "Entire Cinematographic Work/Pictorial Matter /Liner Notes." Clearly, they do not claim authorship in the Compositions which Plaintiff authored and which he registered with the Copyright Office, Registration No. PA-1-289-403. The lack of such a claim and the acknowledgement of Plaintiff's authorship is further underlined by the fact that Universal , in its Statement of Undisputed Material Facts concedes that Plaintiff was solicited by Defendant Guitian and his brother Manuel Guitian p/k/a Don Dinero in 2003 and thereupon authored the musical composition underlying the Score. *See Statement* ¶ 2.

Moreover, the Statement of Facts of Universal's Memorandum states that a copyright registration for the *Motion Picture* and that the registration was granted for the *Motion Picture*. *See Memorandum, pg. 3 &4.*

Universal attempts to distract from the fact that it never challenged or disputed Plaintiff's copyrights in the Compositions, by falsely claiming that Universal's registration of the copyrights in the Motion Picture simultaneously serves as a registration for the musical compositions in the Score. Universal contends that Plaintiff was deprived of his ownership rights at the time Universal filed the copyright registration for the Motion Picture which failed to list him as an owner. This, if at all, may be an argument that Universal could raise with respect to copyrights in the derivative work, i.e the Motion Picture. With regards to the musical compositions it is entirely without merit.

In order to support its meritless argument, Universal cites to cases which concern the question whether the registration requirement of 17 U.S.C. §§ 205(d), 411(a) for maintaining a federal infringement action is met, if the plaintiff has only registered a derivative work or compilation, but not the pre-existing work which he claims to be infringed.

These cases and authorities determine that all copyrightable elements that are otherwise recognizable as self-contained works, that are included in a single unit of publication, and in which the copyright claimant is the <u>same</u> are considered a single work for registration purposes 37 C.F.R. §202.3(b)(3)(i). Consequently, registration of a motion picture shall serve to register the musical compositions contained on the soundtrack of the film. *Greenwich Film Production S.A., v. DRG Records, Inc.*, 833 F.Supp. 248 (S.D.N.Y. 1993).

The aforementioned cases and authorities can readily be distinguished from the facts in the action at bar. The results in these cases were all reached on the premise that the copyright

owner of the derivative or collective work and the owner of the pre-exiting underlying work are identical. Only where the same copyright claimant is seeking not only to register the derivative work, but also the underlying work, e.g. not only the sounds accompanying a motion picture, but also the underlying musical compositions, can the registration of the derivative or collective work cover the underlying work.

*Nimmer* confirms that the copyright owner of a derivative or collective work that is not the owner of the underlying pre-existing work does not obtain copyright in any pre-existing work, even though it may be licensed to incorporate such material into the derivative or collective work (which was not even the case in this action). See, *Melville B. Nimmer & David Nimmer*, Nimmer on Copyright § 7.16 B2c.

The decision of the Second Circuit in *Morris v. Business Concepts, Inc.*, is an expression of the same idea. The Court disallowed a suit for infringement of a pre-existing work, where the registration only related to the collective work in which it was published. See *Morris v. Business Concepts, Inc.*, 259 F.3d 65 (2d Cir. 2001). The court followed the general rule that registration of the collective work is inadequate to allow suit to proceed for infringement of an underlying work and solidified the idea that a derivative/collective work and an underlying work are not identical and require separate registrations if the owner is not identical.

In the case at bar there can be no doubt that the copyright owner of the derivative work, the Motion Picture, and the copyright owner in the Compositions, the Plaintiff, are not identical. At no point in this action has Universal pleaded that Plaintiff transferred its copyrights in the musical compositions to either of the defendants. Moreover, it has not been argued that the defendants attained ownership rights by way of a work-for-hire agreement between the parties.

The reason for the lack of such pleadings is simple: aforesaid agreements were never

executed between the parties. A transfer of copyrights from Plaintiff to the Defendants did not occur.

Therefore, Universal, by registration of the derivative work does not claim ownership in the underlying copyrights in Compositions which have been authored and registered by Plaintiff. Universal's contention that the gravamen of this action is a dispute as to copyright ownership and not an infringement claim has to fail. Consequently its argument that the action is barred by the Copyright Act's three year Statute of Limitations is without merit.

In accordance with the aforesaid, there is no dispute with respect to the ownership of the musical compositions. Defendants never claimed the ownership in same. Ownership is not the subject of this action. Plaintiff's first claim concerns Defendants' infringement of Plaintiff's undisputed copyrights in the Compositions. The claim is clearly not time barred by the three (3) year statute of limitations of the Copyright Act, because the infringements are ongoing. Insofar this Court can take cognizance of all claims of infringement that occurred less than three (3) years from the date Plaintiff filed his complaint, i.e. all claims that occurred since May 18, 2004. *See Vasquez v. Torres-Negron*, 2007 U.S. Dist. LEXIS 57872 (S.D.N.Y. 2007). Insofar, questions of ownership have no impact on the timeliness of the filing of the instant action. The Defendants' Statute of Limitations defense is without merit.

## CONCLUSION

As Plaintiff's first claim is clearly one of copyright infringement in the Compositions underlying the Score in the Motion Picture and does not touch on the question of ownership in these copyrights, Universal's Statute of Limitations defense is without merit. Therefore, the questions concerning the Defendants unauthorized use of Plaintiff's Compositions which constitute infringement of his copyrights in the Compositions pose genuine issues of material

fact that need to be determined at trial. Universal's Motion for Summary Judgment should be denied.

Dated: New York, New York
       June 13, 2008

                      Respectfully submitted,

                      ROBINSON BROG LEINWAND GREENE
                      GENOVESE & GLUCK, P.C.

                      By: _____
                          Daniel Zohny (DZ7311)
                          *Attorneys for the Plaintiff*
                          1345 Avenue of the Americas
                          31st Floor
                          New York, NY 10105
                          Tel: 212.603.6300
                          Fax: 212.956.2164

To:
Barry I. Slotnick
Loeb & Loeb LLP
*Attorneys for Defendant*
*Universal Music Group Distribution, Corp.*
345 Park Avenue
New York, NY 10154
Tel.:(212) 407-4000

Sandra Hoyos
Hoyos and Associates
*Attorneys for Defendants*
*Guitian Brothers Music, Inc.*
*Oscar Guitian*
1325 Ponce de Leon Boulevard, No. 238
Coral Gables, FL 33134