UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JOSE ORTIZ,

                Plaintiff,        07 Civ. 3897

  -against-                  OPINION

GUITIAN MUSIC BROTHERS, INC. and
OSCAR GUITIAN

                Defendants.

------------------------------------X

A P P E A R A N C E S:

       Attorneys for Plaintiff

       ROBINSON BROG LEINWAND GREENE
         GENOVESE & GLUCK, P.C.
       1345 Avenue of the Americas
       New York, NY  10105
       By:  Daniel Zohny, Esq.


       Attorneys for Defendants

       SANDRA H. MEJIA, P.A.
       770 Ponce de Leon Boulevard
       PH Suites
       Coral Gables, FL  33134

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/09

**Sweet, D. J.**

Defendants Guitian Brothers Music Inc. ("GBM" or "Guitian Brothers") and Oscar Guitian ("Guitian") (collectively, the "Defendants") have moved under Rule 12(b)(6), Fed. R. Civ. P., to dismiss the Amended Complaint of plaintiff Jose Ortiz ("Ortiz" or the "Plaintiff"). Upon the Amended Complaint and the conclusions set forth below, the motion is denied.

**Prior Proceedings**

On May 18, 2007, Ortiz filed his complaint against the Defendants and Universal Music Group Distribution, Inc. ("Universal"). By this Court's opinion of September 29, 2008 (the "September 29 Opinion"), Universal's motion to dismiss the complaint against it was granted and Ortiz was granted leave to file an amended complaint. See Ortiz v. Guitian Brothers Music, Inc., No. 07 Civ. 3897 (RWS), 2008 WL 4449314 (S.D.N.Y. Sept. 29, 2008).

On October 14, 2008, Ortiz filed an Amended Complaint against the Defendants alleging copyright infringement, unfair competition, and unjust enrichment.

The instant motion to dismiss the Amended Complaint on the basis of an oral nonexclusive license was heard and marked fully submitted on April 15, 2009.

**The Amended Complaint**

According to the Amended Complaint, in 2003, Guitian solicited Ortiz to create a series of musical works (the "Works") to be used as the instrumental score for the motion picture "Su Vida y la Calle" (the "Motion Picture"). The Amended Complaint alleges that Plaintiff was to be reimbursed for the cost of transportation, and paid a separate production fee for each work produced by him for the score.  It is also alleged that Ortiz was promised that he would receive 10% of the shares of GBM as consideration for his contribution to the Motion Picture and further that Guitian agreed to pay Ortiz "a ten (10%) percent share in the publishing rights for said works as additional consideration for the production and recording services." Amended Complaint ¶ 26.

2

During July, August, and September 2003, Plaintiff composed the Works for the Motion Picture. During this time, Ortiz made four trips to Miami, Florida in connection with the Motion Picture and rented studio space in New York City for the purpose of composing and producing the Works. According to the Amended Complaint, Ortiz produced 13 Works that were used as the background instrumental score for the Motion Picture.

The Amended Complaint further alleges that on or about November 25, 2003, Defendants released and began selling and distributing directly to the public a DVD entitled "Don Dinero—Su Vida Y la Calle" containing the Motion Picture featuring the Works as the background instrumental score. Ortiz was listed as producer of the musical score in the closing credits of the Motion Picture. On or about November 23, 2004, Defendants released an audio CD entitled "The Best of Don Dinero," which was also accompanied by the Motion Picture and the Works.

In the Amended Complaint, Ortiz alleges that from November 2003 until the present, Defendants have sold and

3

distributed the Motion Picture containing the Works throughout the United States and in other countries.

Also according to the Amended Complaint, Ortiz obtained federal copyrights for the works on or about August 3, 2005.

**The Rule 12(b)6 Standard**

In considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)). However, mere "conclusions of law or unwarranted deductions" need not be accepted. First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (quotation marks and citation omitted). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416

4

U.S. 232, 236 (1974)). In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" <u>Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.</u>, 375 F.3d 168, 176 (2d Cir. 2004) (quoting <u>Geisler v. Petrocelli</u>, 616 F.2d 636, 639 (2d Cir. 1980)). However, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

Although a motion to dismiss is usually not the appropriate vehicle to raise affirmative defenses to a complaint, "a complaint can be dismissed for failure to state a claim pursuant to a Rule 12(b)(6) motion raising an affirmative defense 'if the defense appears on the face of the complaint.'" <u>Official Comm. of Unsecured Creditors v. Coopers & Lybrand, LLP</u>, 322 F.3d 147 (2d Cir. 2003) (citing <u>Pani v. Empire Blue Cross Blue Shield</u>, 152 F.3d 67, 74 (2d Cir. 1998)). Dismissal is appropriate where "the complaint

5

itself establishes the facts necessary to sustain [a] defendant's [affirmative] defense." Pani, 152 F.3d at 75.

**Defendants' Motion to Dismiss is Denied**

To withstand a motion to dismiss pursuant to Rule 12(b)(6), a claim of copyright infringement must also meet the pleading requirements of Rule 8, Fed. R. Civ. P. See Franklin Elec. Publishers, Inc. v. Unisonic Prods. Corp., 763 F. Supp. 1, 4 (S.D.N.Y. 1991). In order to comply with Rule 8, a complaint alleging copyright infringement must state: "[1] which specific original works are the subject of the claim, [2] that plaintiff owns the copyright, [3] that the works have been registered in accordance with the copyright statute[,] and [4] by what acts and during what time defendant has infringed the copyright." Id.; Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (same), aff'd, 23 F.3d 398 (2d Cir. 1994).

In his Amended Complaint, Ortiz has specified the Works which he alleges were infringed by Defendants, claimed ownership to these Works, provided sufficient information with respect to the registration of the Works, and identified the acts by which Defendants are alleged to

6

have infringed the copyright. See Amended Complaint ¶ 36-40, 44. Accordingly, he has sufficiently plead his claim for copyright infringement.

Defendants, however, argue that Plaintiff's federal copyright claim must be dismissed because the facts alleged in the Amended Complaint conclusively establish Defendants' affirmative defense, namely that Ortiz granted Defendants an oral nonexclusive license to use the Works in connection with the creation and distribution of the Motion Picture thereby waiving his right to sue for copyright infringement. "Under federal law, nonexclusive licenses may . . . be granted orally, or may even be implied from conduct." Graham v. James, 144 F.3d 229, 235 (2d Cir. 1998) (internal quotations and citation omitted) (alteration in original). "Where the dispute turns on whether there is a license at all, the burden is on the alleged infringer to prove the existence of the license." Tasini v. New York Times, Co., 206 F.3d 161, 171 (2d Cir. 2000). Ortiz alleges in the Amended Complaint that no licenses for the Works were secured by Defendants. Amended Complaint ¶ 45. Defendants, in turn, point to facts alleged in the Amended Complaint that they argue "specifically establish that Ortiz entered an oral

7

agreement whereby he agreed to create the Works with the express purpose that Defendants would incorporate them in [the] Motion Picture and with the express understanding that Defendants would sell and distribute the Motion Picture nationally and internationally," and conclude that such agreement "unquestionably constitutes an oral copyright license." Def. Motion to Dismiss Amended Complaint at 7–8. The Court is not persuaded, however, that the limited facts alleged in the Amended Complaint conclusively establish such an oral nonexclusive license, and therefore Defendants' motion to dismiss is denied.

Even if the Court were to find that such an oral nonexclusive license was apparent on the face of the Amended Complaint, such a finding would not preclude Ortiz from bringing the instant copyright claim because it is further alleged that Defendants did not perform their part of the understanding between the parties. "[T]he fact that a party has licensed certain rights to its copyright to another party does not prohibit the licensor from bringing an infringement action where it believes the license is exceeded or the agreement breached." Id. at 170; see Amy Axelrod, Inc. v. Simon & Schuster, Inc., No. 07 Civ. 891 (DLC), 2007 WL 2412257, at *4 (S.D.N.Y. Aug. 27, 2007)

8

(rejecting argument that copyright owner who granted license waived right to sue under copyright statute). Indeed, absent consideration, nonexclusive licenses are revocable. See Keane Dealer Servs., Inc. v. Harts, 968 F. Supp. 944, 947 (S.D.N.Y. 1997) ("An implied license is revocable . . . where no consideration has been given for the license."); see also Lulirama Ltd. v. Axcess Broadcast Servs., Inc., 128 F.3d 872, 882 (5th Cir. 1997) (same); Avtec Sys., Inc. v. Peiffer, 21 F.3d 568, 574 n.12 (4th Cir. 1994) (noting that "an implied license is necessarily nonexclusive and revocable absent consideration"); 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 10.02(b)(5) (1997) ("[N]onexclusive licenses are revocable absent consideration."). But see, Effects Assoc., Inc. v. Cohen, 908 F.2d 555, 559 n.7 (9th Cir. 1990) (rejecting both that an "implied license is an equitable remedy, akin to estoppel" and that full payment constitutes "a condition precedent to implying a license"). Here, the Amended Complaint alleges that Ortiz "has not been compensated by Defendants for his travel expenses . . . or for the production services rendered by him to Defendants." Amended Complaint ¶ 47. Nor has Ortiz received "any of the money he is owed from Defendants' publishing of his work

9

which is due to Plaintiff through his ownership in the copyright of the Works." Id. at 48.

Assuming an oral license did exist and that Plaintiff's allegations of non-payment are true, such license was revocable, and by instituting this action, Plaintiff revoked any license that may have existed between him and Defendants. See Keane Dealer Services, Inc., 968 F. Supp. at 947 ("If no consideration was given, the license was revocable, and the institution of this lawsuit would constitute revocation."); Berg v. Symons, 393 F. Supp. 2d 525, 543 (S.D. Tex. 2005) ("Absent any consideration, an implied license is revoked when the plaintiff files an infringement suit."). Given Defendants' alleged continued distribution and sale of DVDs containing the Motion Picture and the underlying Works, Ortiz has sufficiently alleged copyright infringement, and the affirmative defense asserted by Defendants would also be unavailing.

In light of the Court's denial of Defendants' motion to dismiss Count I of the Amended Complaint on which federal jurisdiction is predicated, Defendants' motion is

10

also denied with respect to Plaintiff's remaining state law claims.

**Conclusion**

Based on the conclusions set forth above, the motion to dismiss is denied.

It is so ordered.

New York, NY
July 22, 2009

ROBERT W. SWEET
U.S.D.J.